JACKSON, *ex dem.* VAN ALEN and others, *against* VOSBURGH.

*Parol* evidence of a disclaimer of title to real property is inadmissible.

Where an acknowledgment of tenancy on the part of the defendant in ejectment has been proved, he will not be allowed to give evidence to contradict or disprove the title of his landlord.

Whether there be a *tenancy* or not, is a matter of fact; and *parol* evidence may be received to disprove it.

THIS was an action of *ejectment* for lands in *Kinderhook.* The cause was tried at the *Columbia* circuit, in *December,* 1809, before the *Chief Justice.*

At the trial, the plaintiff proved that *Barent Vosburgh* was in the possession of the premises, and died about 38 years ago, having, by his last will, dated in *December,* 1769, devised all his real estate to his son *Cornelius,* who continued in possession of the premises, until by his deed, dated in *June,* 1789, he conveyed the premises to *Van Alen,* one of the lessors, who took possession, and improved the land; and *Van Vleeck,* another of the lessors, also cultivated a part of the land.

It was also proved that the defendant, who came into possession after *Van Vleeck,* said, in 1799, that he had taken the lot of *Van Vleeck* and his brother, for one year; that at another time, the defendant said he would give up the possession to *Van Alen,* in the same way he had it of *Van Vleeck;* and that at another time he refused to deliver up the possession, alleging that the land did not belong to *Van Alen,* but to his brother's children. The suit was commenced against *Herman Vosburgh,* and *John A. Vosburgh,* and the latter died since the commencement of the suit, leaving children.

The defendant then offered to prove, that he had been in the actual possession of the premises in his own right for more than 30 years before the commencement of this suit, and that since the letting of the premises mentioned by the plaintiff's witnesses, *Van Alen* and *Van Vleeck,* two of the lessors, had disclaimed any right to the premises; but such disclaimer was not in writing, nor made to, or in the presence of the defendant. This evidence was overruled by the Chief

Justice, who directed the jury to find a verdict for the plaintiff; and they found accordingly.

A motion was made to set aside the verdict, and for a new trial.

NEW-YORK,
Nov. 1810.

JACKSON
v.
VOSBURGH.

*Van Buren*, for the defendant. Parol declarations as to title to land, ought to be received with caution. But as there was only *parol* evidence in this case of the existence of a tenancy, *parol* evidence ought to have been admitted to disprove it. A tenancy created by *parol* may be discharged by *parol;* and it ought to have been left to the jury as a matter of fact. The evidence offered by the defendant was not to show an outstanding title, but to repel the evidence of tenancy given by the plaintiff. Tenancy or not, is a matter of fact.

Another question is as to the extent of the recovery in this case. One of the defendants died since the commencement of the suit. Though this is an action of trespass, yet it is to try the title; and the title of the deceased defendant did not come in question.*

* *Far* v. *Denn,*
1 *Burr.* 362.

*Sudam* and *E. Williams,* contra. The first question was decided in the case of *Jackson,* ex dem. *Burr and another,* v. *Shearman.*† The court said, that these *parol* acknowledgments or declarations, as to title to real property, were a most dangerous species of evidence; and if admitted would counteract the beneficial purpose of the statute of frauds; though it was said they might be received to show a tenancy, or to satisfy doubts as to a possession. Here the lessors had proved a title and also a tenancy; and the defendant then offered to show a title out of the lessors; but having once acknowledged a tenancy, or the right of the landlord, he never can be allowed to set up any other title.‡ *Parol* evidence of possession is not sufficient to rebut the evidence of tenancy, unless accompanied with some *paper* title, to give colour to the right of possession.

† 6 *Johns. Rep.*
19.

‡ 1 *Caines,* 444.
3 *Johns. Rep.*
504.

*Per Curiam.* The lessors of the plaintiff proved a possession of the premises in themselves and in those under whom they claimed, for upwards of 30 years. *Barent Vosburgh* was in possession of the premises as early as 1767 or 1768. He died about the year 1777, and devised his real estate to his son *Cornelius Vosburgh.* He succeeded to the possession of the premises, and in 1789 sold them by deed to *John L. Van Alen,* jun. He took possession, and used the premises for years, and then *Isaac I. Van Vleeck* took possession, and was in possession to 1799. These two last possessors are lessors of the plaintiff. In addition to this strong proof of title, it was shown, that in 1799 the defendant said he had taken the premises of *Van Vleeck,* one of the plaintiffs, for one year; and that at another time he offered to give up the possession to *Van Alen,* another plaintiff, in the same way he had it of *Van Vleeck,* but that at another time he refused, and denied the right of *Van Alen.*

To meet this testimony, the defendant offered to show that the two lessors, *Van Alen* and *Van Vleeck,* had disclaimed any right to the premises; but this disclaimer was not in writing, nor made to or in the presence of the defendant; and he offered further to prove, that he had been in the actual possession of the premises in his own right for more than 30 years before the bringing of the suit. This testimony was overruled. Such a disclaimer as was here set up could be of no validity; and such evidence, if admissible, would lead to fraud and perjury, and be destructive of title to property. (6 *Johns. Rep.* 21.) The other evidence, which was overruled, went to deny and destroy the landlord's right, which a tenant, assuming him to be a tenant, is not permitted to do; (3 *Johns. Rep.* 504.) but it also went to disprove the fact of any tenancy; and in that view it ought to have been received, and it might have been material. On this single point, then, the motion to set aside the verdict is granted, with costs to abide the event of the suit.

Rule granted.