By the Court,

Cowen, J.
The defendant has certainly, in the instance before us, entered a new field of pleading; and the plaintiff has followed him in a progress which I suspect had better have been cut short by a special demurrer to the pleas, as amounting to the general issue. This is the first time, within my knowledge, that the circumstances constituting the presumptive title to an easement have been sought to be introduced by a plea in bar to *319 an action on the ease—an action which is remarkable for the latitude which it accords to every ground of defence under the simple plea of not guilty. These pleas, so far as they go upon twenty years adverse enjoyment, were likened on the argument to the old plea of prescription; but, if in nothing else, they certainly fail in one essential point of comparison in time whereof the memory of man runneth not to the contrary. They come nearer, perhaps, to the moderen English replication of twenty years enclosure as a bar to the right of common, when set up by plea in answer to an action of [567] trespass (Hawke v. Bacon, 2 Taunt. 155; Richards v. Peake, 2 Barn & Cres. 918). But whether even in an action so noted as is that of trespass for special pleading, Westminster Hall may not have permitted an inconvenient departure from the simplicity, not to say the principles of pleading, remains yet to be seen. I know that the presumptive bar in regard to water courses and ways, &c., has become well known to the law, and is familiary dealt with by it as evidence of a grant. It is an equitable extension of the statute which bars an entry after 20 years possession; yet, even in ejectment, where the statute applies proprio vigore, it is never pleaded. In the case of an easement, the law goes upon the presumption of a grant in fee (3 Kent’s Comm. 3d ed. 444 , 445). Were special pleading admissible, it would seem that the assumed grant should be directly set forth, or a technical plea of prescription interposed, still relying upon the long possession as evidence of the fact (Campbell v. Wilson, 3 East, 294). This would be analogous to the like presumptive bar to debt on bond, where instead of setting forth the delay with its circumstances, the pleader addresses himself, as is well known, directly to the fact of payment at the day.
The plaintiffs have, however, chosen to receive and act upon these argumentative picas a,s formerly admissible; and it is not denied, that at the choice of both parties, a mere plea of evidence, provided it be plenary in its details, is available upon its merits. The plaintiffs think that some of these pleas are defective, in not making out a sufficient continuity of possession; others as not being full in time, and others as failing to exhibit the necessary privity between Foreman & Wilson, and the defendant, &c. In respect to some of them, the plaintiffs reply the want of continuity, or show a right in the state, which they believe can only be met by a bar of 40 instead of 20 years, &c. In the view, however, which I have taken of the subject it can not be necessary to pronounce upon any of these objections; for there is, I think, another fatal defect running through all seven of the pleas [568] in question, with the single exception of the first breach of the third.
All the cases which have considered this defence, are at least uniform in one thing—that it must combine not only continuity, and a peaceable possession without the hinderance of the owner in respect to whose land the easement is claimed, but that in complete analogy to its archetype, the bar in ejectment the possession must appear to have been adverse (2 Wms. Saund. 175, d. note 2, citing Bradbury v. Grinsell, Mich. 41 Geo. 3, K. B.; Campbell v. Wilson, 3 East, 294, 300, 1, 2). Without multiplying quotations, several modern decisions give the true sense of all the cases. In Sargent v. Ballard (9 Pick. 251, 255), Putnam, J. says: “ The essential ingredients were to be made out by the owners of the estate claiming the service. They must not only prove the using for 20 years, but that it was continued, uninterrupted and adverse— that is. under a claim of right, with the acquiescence and knowledge of the owner.” In Rowland v. Wolfe (1 Bail. R. 56, 58), Nott, J. said, “ Lapse of time is not alone sufficient to afford such a presumption. The use must be adverse to the claim of the owner of the land.” In Shumway v. Simons (1 Verm. R. 53, 57), Royce, J. says, in a case of flowing land,1* The modern doctrine of presumption is founded in analogy to the statute of limitations It is applicable to cases for which the statute has not provided, and the *320 evidence in support of a presumptive right must at least be sufficient to have established the legal right, provided the statute had extended to the case in judgment.” In Mitchell v. Walker (2 Aiken, 266, 269, 270, 271), Skinner, C. J. says: “ This possession, it is contended by the plaintiff, and correctly, must be adverse to the claim of the owner or proprietor.” He adds, if the occupation be by mistake, it will not avail, citing Jackson v. Wilkinson, 3 Barn & Cress. 413, and 2 Sand. 173, d. Suppose the usual defence of time in an action of ejectment were to be pleaded: is it possible that any one in the profession would omit the important ingredient that the possession was adverse for 20 years. It is well known that a single lisp of acknowledgment [569] by the defendant, that he claims no title, fastens a character upon his possession which makes it unavailable for ages. No matter that in the language of these pleas, he and those under whom he claims may have holden peaceably, and without the liinderance, molestation cr even claim of the owner. Non constat, that the whole may not have been as lessee or by comity, until the owner shall reach the time when for purposes which remained suspended on account of the mere inconvenience of his neighbor, he comes in for the enjoyment of his conceded rights, a defence l-esting on such a state of facts would be most ungracious; and yet these pleas contain nothing in the leatt incompatible with the state of things supposed.
I will only add, that in the case before mentioned, of a replication of enclosure of common for 20 years, as a bar to the commoner, it has never, I believe, been thought that the replication was good without averring an adverse holding. Hawke v. Bacon introduced this mode of pleading; and the form there is, that the close in which, &c., continually for 20 years and more, before and at the first time when, &c., had been and was separated, divided and enclosed, &c., and occupied and enjoyed in severalty, and adversely to the said East, &c. (2 Taunt. 157). The same form was afterwards followed in Richards v. Peake, also before cited.
These remarks are applicable to all the pleas in question and the entire matter of each, except the first branch of the third, which sets up a grant of the easement from the state. That, however is destroyed by the replication, which gives particulars, showing that the grant could not operate to carry any right beyond the ordinary incidental one of flowing within the limits of the defendant's own land. It is not conceivable on what ground a demurrer was interposed to such a replication.
On the whole, judgment must be for the plaintiffs on all the demurrers.
Judgment accordingly.