By the Court, Cowen, J.
Briefly stated, the plea is that the plaintiffs caused Washburn and others'to be arrested and confined in virtue of civil process, alleging as cause that Washburn had obtained moneys from the plaintiffs on a forged note which, as the plaintiffs alleged, the persons arrested had been concerned in fabricating; and that the bond in question was taken by the plaintiffs to secure the moneys so obtained, under an agreement to discharge the persons arrested, to surrender the note and forbear to prosecute for the alleged felony, which agreement was-fulfilled.
The prominent ground of demurrer is, that the plea does not show the crime of forgery to have been in fact committed. It is also insisted that no scienter of the plaintiffs is averred; and indeed that, if a composition of felony be clearly pleaded, yet it is not admissible against the terms of the bond.
To this last point, counsel have cited Com. Dig. Pleader, (2 W. 27,) which says: “ It is no plea to debt upon a bond, that it was given for composition of felony; for it is a bare fact, which is no plea in bar of a specialty. Semi.” Comyn cites .Fitzg. 74—the case of Andrews v. Eaton. The plea was to debt on a bond, that whereas, (quod cum,) H. Eaton, the defendant’s brother, was prosecuted by the plaintiff for a robbery allegando crimen felonías, against the said H. &c.', the defendant entered into the obligation in consideration that the plaintiff would desist to prosecute &c.; and averred there was no other consideration. Two objections were taken to the plea, and debated by counsel: 1. That the condition of a specialty could not be thus contradicted; 2. It was not averred that any felony was committed otherwise than by a quod cum. Singular as it may seem at this- day, conflicting- cases were found on the first point, and the justices were equally divided, and argued it seriatim ; Price and Fortesque, Js. for, and Eyre, Ch. J. and Den-ton, J. against the objection. The first two concluded that the defendant was estopped by his seal. All seem to have agreed that it was necessary to aver a felony committed, though Eyre, Ch. J. and Denton, J. thought crimen felonies allegavit enough. Fortesque, J. said; “ If there was no felony committed, which *252 is not positively averred, there can be no corrupt and illegal agreement between the parties, as the defendant pleads.” The decision was adjourned, and judgment was afterwards given for the plaintiff by the whole court. It is hardly possible to suppose that, after reflection,, this should have been because an illegal consideration cannot be averred against a specialty. The argument went the absurd length that a compensation for any crime might be secured by avcontract; if the parties would but. fix their seals to it. The court must have gone upon the second ground. All the considerations -which a few years after were presented in Collins v. Blantern, (2 Wils. 347,) must have rushed upon the minds of the judges. In the latter case, the question arose on a plea to a money bond, that it was given to stifle a prosecution for perjury. Wilmot, Ch. J. said: “ We are all of opinion that the bond is void ah initio, by the common law, by the civil law, moral law, and all laws whatever.”(a) He adds: “ What a strange absurdity would it be for the law to say, that this contract is wicked and void, and, in the same breath, you shall not be permitted to plead the facts which show it to be wicked and void.” The judgment in the case referred. to by Comyn could therefore have been on no other than the second ground, viz.- that the pending of the prosecution agreed to be discontinued was not directly averred, but only by recital, the demurrer probably being special. The case may more safely be dismissed, however, as settling nothing; at least nothing material to the points raised on the present plea.
In the case before us, it is not averred that a criminal prosecution had been instituted. If the plea had shown thus much, and an agreement to stop the prosecution or in anyway embarrass its course, that would have been illegal and vitiated the bond, whether the prosecution had been founded on the truth or not The public have an interest that such prosecutions should be carried on to conviction or acquittal; and. the plea need not in such case aver the fact that a crime was committed; nor do the precedents *253 contain such an averment. (Edgecombe v. Rodd, 5 East, 294; Per Lord Ellenborough, C. J. in Wallace v. Hardacre, 1 Camp. 46, and in Harding v. Cooper, 1 Stark. Rep. 467; Den v. Moore, 2 South. 470; Corley v. Williams, 1 Bail. 588.)
Another sort of criminal composition is, where no public prosecution has been instituted; but a felony or other crime having been committed, the party knowing the fact takes a promise or obligation in consideration of forbearing to prosecute. It is of such a composition that the plea in question is intended; and the promise to forbear is sufficiently alleged. True, it is not denied that the plaintiffs had a lawful claim civiliter; and the ' bond must be taken to have been given for that. Had the act stood alone, therefore, it would have been lawful ;• (Wallace v. Hardacre and Harding v. Cooper, ut supra ;) but the giving up of the forged note and a promise that the officers of the bank should not prosecute, is added. If this was of a crime actually committed, and known to the plaintiffs, it is not denied that the plea must be allowed. The consideration being in part legal would not save the bond; but the plaintiffs must be sent back to the original transaction.
It is not possible, however, to sustain the plea, if it come short of averring the actual commission of the crime. On the want of averring knowledge, perhaps no serious question can be made; for if the commission of the crime be sufficiently shown, then the allegations imputed to the plaintiffs, and the express agreement that their officers should not prosecute, together with the farther agreement to give up the note in order to embarrass the prosecution, necessarily imply at least full notice of the crime. And it is too much to say that, there being a crime in fact committed, a man who has bare notice of it, though nothing more, may agree to forbear a prosecution, or suppress or keep back testimony. The true principle is expressed by Wilmot, C. J., in Collins v. Blantern. “ You shall not stipulate for iniquity.” (2 Wils. 350.) “ This contract,” says he, “ is to tempt a man to transgress the law; and to do that which is injurious to the community.” A man having notice must agree at his peril. If the notice be false, it is indeed no more than a stipulation concerning his civil *254 rights. No mischief is done; and a naked intent to do it, however exceptionable in morals, is not tangible by the municipal law. When a crime has in fact been committed, there is more than an intent. The transaction may then result in a public mischief; and it is too strong to require, in matters of contract, that a party shall have actual knowledge. A subsisting fact, with bare notice, is often received to defeat a claim. It takes away bonafides. Saying that a man stipulates concerning a crime, is a very strong averment that he had notice. It indeed precludes the possibility of ignorance. No exception is taken by special cause that notice is not formally averred. It is merely said not to appear that the plaintiffs knew of the crime having been committed.
The plea however is bad, I think, for the single reason that it fails to aver the fact either of a forgery or a criminal uttering of the note. The utmost that it can be made to say, either directly or by necessary construction, is that the plaintiffs alleged a forgery and uttering to have been committed. I admit that if the averment of actual crime can be made out argumentatively from this plea, it is sufficient; for the special demurrer does not go to the vice of indirection. It merely denies that the crime is apparent. That would be answered by showing it to be made out inferentially. This might have been done; as if the defendant had said, Washburn affixed the names and got the money knowing that he had no authority, omitting the formal words of an indictment. Argumentative pleading, in other words, a statement of particular facts instead of the general one, is good unless specially demurred to, provided the existence of the former be incompatible with the absence of the latter. But this incompatibility must be a necessary one. All we have here is, that the plaintiffs alleged the crime. Put it a shade stronger; that they charged Washburn and his confederates with being guilty of forgery. The utmost that can be made of it is, that the plaintiffs in a course of conversation with the confederates stated a fact which, if true, would defeat their bond. Why not say the allegation was true ? That would have completed the circumlocution, and I admit would have been good *255 against a general demurrer. So, perhaps, of an allegation that he knew it to be trae. A man may plead evidence, but not any sort of evidence. (See Colvin v. Burnet, 17 Wend. 564.) It must amount to something on which issue can be taken. Suppose, to an action on a bond, you plead that the plaintiff told the defendant the money had been paid at the day; wherefore you pray judgment. The implication is left that it was a false or a mistaken admission; and the rule comes in that, it being your own pleading, every doubt must be turned against you. An issue, trial and verdict for you on such a plea would not save you from a judgment non obstante veredicto. Yet the plea would be stronger than the one in question, whereby we are left to suppose that the allegation might have been in the course of casual conversation with a stranger. It adds nothing to its intensity that a civil suit was brought for the money. Non constat but the note was due; and that the talk of forgery was thrown out by the plaintiffs in terrorem.
It was not pretended on the argument that a surety, like this defendant, can plead the duress of his principal, if there be any. The plea, however, scarcely makes out an illegal arrest or detention. (/See Thompson v. Lockwood, 15 John 258, and the cases there cited; Bac. Abr. Duress, (A).) (b)
We are of opinion that judgment must be entered in favor of the plaintiffs, with leave to amend the plea.
Judgment for the plaintiffs.

 See Cowen & Hill’s Notes to Phil. Ev. 1445, and the cases there cited.

 See Foshay v. Ferguson, (ante, p. 154.)