SHELDON *vs.* VAN SLYKE.

Where a recovery is had in an action of ejectment, and the plaintiff is put in possession of the premises, and the judgment is afterwards reversed and the premises restored to the defendant by a writ of restitution, although the defendant may properly bring an action in the nature of trespass for the mesne profits during the time the premises were in the possession of the plaintiff in the ejectment suit, for the reason that the case does not fall within the precise terms of the statute abolishing that action, yet the suit is to be regarded, substantially, as if it were an action for use and occupation.

And if, in such an action, the plaintiff recovers the full value of the rents and profits, when he is only entitled to nominal damages; or if he recovers the full value of the entire rents and profits when he is only entitled to half; the judgment will be erroneous.

Where a person jointly interested with others, sues separately, the defendant, although no plea in abatement has been interposed, is still entitled to an apportionment of the damages.

In an action for mesne profits, where the plaintiff avers in his complaint a *sole possession*, and a *sole right to the possession* of the profits in himself, during the time the premises were occupied by the defendant, he cannot recover without establishing the fact of an *entire and sole possession* in himself, as well as a *sole right to the possession*, during the same period.

Where one of two tenants holds under the other, and his possession is subordinate to the title and possession of the latter, his declarations, especially when accompanied by acts, while he was in possession, are admissible for the purpose of showing the character of the possession which they both had in the premises.

THIS cause came before the court by an appeal from a judgment of the county court of Herkimer county. The action was trespass, originally commenced by Sheldon in a justice's court, and the plaintiff recovered in that court a judgment against Van Slyke. The defendant appealed to the county court, where the judgment was affirmed; and the defendant then appealed to this court. The action was commenced January 22, 1851. The facts are as follows. Van Slyke, in February, 1849, commenced an action of ejectment against Sheldon and one Harper, to recover the possession of a house and garden spot in the town of Little Falls. Sheldon occupied the house with his family, and Leonard Harper boarded with him. This was all the possession or interest that Harper had, in the premises. Harper, left the country soon after the action of ejectment was com-

menced, and had not since that time been heard of. Harper was a single man. The action of ejectment proceeded; a trial was had, a verdict recovered in favor of Van Slyke; and a judgment in the cause was entered on the verdict, January 22, 1850. A writ of possession was issued; and on the 8th of February, 1850, the sheriff put Sheldon out of possession, and gave possession, to Van Slyke. Van Slyke rented the place to Keeler, at the rate of $30 per year, and Keeler went into possession under Van Slyke, and held until the writ of restitution was served. Sheldon appealed to the supreme court, from this judgment, having taken a bill of exceptions on the trial. On the hearing of the appeal, in December, 1850, the supreme court reversed the original judgment, and ordered a writ of restitution of the premises to Sheldon. A writ of restitution was issued; and on the 23d of December, 1850, the possession of the premises was restored to Sheldon by the sheriff. The suit in the justice's court was then commenced by Sheldon against Van Slyke, to recover compensation for the use of the premises, from the 8th of February, 1850, to December 23d, 1850, during which time Van Slyke wrongfully had possession. The facts above stated were proved on the trial before the justice. The plaintiff's counsel stated in his opening to the justice, that the action was an action of trespass, brought for the defendant's entering the premises described in the complaint. The counsel for the defendant objected to any proof by the plaintiff under the opening of the counsel for the plaintiff, as an action of trespass could not be sustained for such entry, and insisted that the plaintiff should be nonsuited. The justice overruled the objection, and decided to hear the proof on the part of the plaintiff, subject to said objection, reserving the question until the decision of the cause. The plaintiff then produced the following records from the office of the clerk of the county of Herkimer, and offered the same in evidence to wit: A record of judgment in the supreme court, in the suit Garret Van Slyke against Stephen Sheldon and Leonard Harper, filed January 16th, 1850, and the bill of exceptions annexed. Suit was commenced in February, 1849. Trial had therein in October, 1849, and verdict for the

plaintiff. Judgment taken and docketed October 3d, 1849. An execution issued in the same cause by the plaintiff's attorney therein, dated January 25, 1850, directed to the sheriff of Herkimer county ; received by the sheriff on the same day. The return thereon showed that on the 8th day of February, 1850, he executed it by putting defendant Van Slyke into possession of the premises. Execution filed March 9th, 1850. A record of reversal of the same judgment and order of restitution of the premises. Judgment signed December 4th, 1850 ; record filed December 21, 1850. A writ of restitution issued by virtue of said last mentioned judgment, issued December 21, 1850, to the sheriff of Herkimer county, directing him to restore the possession of said premises to said Sheldon and Harper. The return on said writ of restitution signed by Daniel Hawn, sheriff of Herkimer county, showed that on the 23d day of December, 1850, he executed it by putting said Sheldon and Harper into possession of the premises. It was admitted by both parties to this action that the premises mentioned in the above records of judgment and the writ of possession and writ of restitution were the same premises mentioned and described in the complaint in this action.

At the close of the plaintiff's testimony, the defendant again moved for a nonsuit, on the ground that a recovery could not be had under a complaint in trespass ; that the judgment in favor of the defendant only directed restitution of the premises, and that trespass would not lie, because the entry of Van Slyke was legal. The justice denied the motion for a nonsuit. The testimony being closed, on both sides, the defendant insisted that the plaintiff was not entitled to recover, for the following reasons : 1. That the defendant was owner of, and legally entitled to the possession of the premises mentioned in the complaint, and went peaceably and legally into the possession thereof, and that he committed no trespass by doing so. 2. That as the defendant had a right when he went into the possession of the premises, and committed no trespass by so doing, he could not be made a trespasser from the beginning. 3. That if the judgment had never been reversed, no action could have been sustained in any

---
Sheldon *v.* Van Slyke.
---

form, and trespass could not lie for what was legal. The defendant also insisted that as the order of restitution and writ was in favor of Leonard Harper and Stephen Sheldon, the plaintiff was entitled to recover, if at all, but one-half the value of the use of said premises while in possession of the defendant. The justice decided against the defendant on all the last above mentioned points, and rendered judgment in favor of the plaintiff, for twenty-six dollars and twenty-five cents damages, being at the rate of $30 per year. The [county court, on appeal, affirmed this judgment, and the defendant appealed to this court.

*J. A. Rasbach*, for the appellant.

*L. Ford*, for the respondent.

*By the Court*, GRIDLEY, J. This is an appeal from a judgment of the county court of Herkimer county, affirming the judgment of a justice of the peace. The action was brought to recover the mesne profits of the premises described in the declaration, accruing between the 8th day of February, 1850, when Van Slyke was put in possession of the premises, upon a recovery in ejectment against the plaintiff and one Leonard Harper; and the 23d of December in the same year. when the possession was restored by a writ of restitution, on a reversal of the said judgment.

Several very interesting questions have been discussed by the respective counsel, with much ingenuity, upon which we do not intend to express any opinion; being satisfied that an error was committed, upon the merits of the case, for which the judgment should be reversed. The return of the justice shows that he gave judgment for the use and occupation of the premises, at the rate of $30 a year, (the only valuation appearing in the testimony,) for exactly $26,25, the precise sum, at that rate, for the period during which the possession was withheld, viz. ten months and fifteen days. This action, though in the nature of trespass, "is an equitable action, and admits of every kind of equitable defense." (*Murray* v. *Gouverneur*, 2 *John. Cas.* 438.)

And it was the intention of the legislature to abolish the action altogether, at the revision of the statutes in 1830, and to substitute a suggestion in the nature of an action for use and occupation. (2 *R. S.* 309, §§ 41 *to* 54. 6 *Wend.* 534. 10 *Id.* 566. 6 *Hill*, 328.) Granting, however, that an action in the nature of trespass was properly brought in this case, for the reason that it does not fall within the precise terms of the statute, yet it is to be regarded, substantially, as if it were an action for use and occupation, brought to recover the value of the rents during the time that the possession was withheld. If, therefore, the plaintiff has recovered the full value of the rents and profits, when he was only entitled to nominal damages ; or if he has recovered the full value of the entire rents and profits, where he was only entitled to half ; then, in either case, the judgment is erroneous, and should be reversed. The defendant's counsel insisted before the justice, that under the evidence a recovery could only be had for one-half the value of the use of the premises, which was overruled by the justice. It is true that when persons jointly interested sue separately, the proper way for the defendant to avail himself of the error is to plead it in abatement, (1 *Chit. Pl.* 54. 6 *T. R.* 766. 7 *Id.* 269. 5 *East*, 407, 420 ;) but notwithstanding no plea in abatement is interposed, the defendant is still entitled to an apportionment of the damages ; and a new trial was granted in *Rich* v. *Penfield*, (1 *Wend.* 380, 386,) where the plaintiff recovered full damages. (*See also* 6 *John.* 108 ; 1 *Saund.* 291, *notes, g. h.*) The plaintiff has *averred* in his declaration, and he has recovered on the theory of a *sole possession*, and of a *sole right to the possession* of the profits during the time that Van Slyke occupied them. We do not think that he established the fact of an *entire and sole possession* in himself, and much less, of a *sole right to the possession* during the same period.

(1.) The first piece of evidence introduced by the plaintiff was the record of a judgment, with a bill of exceptions annexed, in the suit of Van Slyke v. Stephen Sheldon and Leonard Harper, by which the premises in question were recovered against the *said defendants*, and a writ of possession was issued thereupon.

And this was followed by a record of reversal in the same cause, with an order for restitution, and a writ of restitution executed the 23d day of December, 1850. Both these judgments went on the theory of a *joint* possession by Harper and Sheldon. The record of the recovery by Van Slyke is evidence that a *joint* possession must have been proved or admitted, in *both defendants ;* and the reversal in no respect proved the contrary fact. It turned on the invalidity of the foreclosure of Van Slyke's mortgage. The returns to both the writs of possession show that the writs were executed as well by putting *Harper* out and into possession, as *Sheldon ;* and it is not material that the officer did not see Harper present at the execution of the writ, if the evidence shows that *he* had an *actual* possession, and the *right to possession.*

(2.) The evidence does show that Harper had both an actual possession and the right to the possession. It appears from the cross-examination of Stevens, that the west or store part of the premises was delivered up on request, and that the writ of possession was only executed against the defendant Sheldon as to the east part, or dwelling house part of the premises. Morgan E. Case swears that when he served the papers on Sheldon and Harper, in the ejectment suit, Sheldon and Harper were both in possession of the premises ; Sheldon occupying the east part, and Harper having the key of the west part, and boarding with Sheldon. And the testimony of both this witness and of the witness John Hall, shows that Sheldon, by his own declarations, had no interest in the controversy, and that he spoke of the deed from Trask to Harper ; and of his taking up his receipts, to see how much he had paid on the premises. Now this evidence becomes material in connection with facts furnished by the record. The answer of Sheldon claims neither the ownership nor the right to the possession of the premises ; while the answer of Harper sets up a mortgage, which Wyman Trask foreclosed against Sheldon as the mortgagor, in chancery, and that Trask purchased in the premises on the sale, and took a master's deed ; and then conveyed the premises to the defendant Harper. Here then was the *title,* as between Harper and Sheldon, irre-

vocably vested in Harper, and the right of possession of Sheldon utterly subverted. And the evidence of Sheldon's declarations, before referred to, are in harmony with the facts thus shown to exist. The only question in dispute was whether Van Slyke's prior mortgage had been foreclosed, so as to enable him to recover in ejectment. Now the case is entirely barren of evidence that when Harper left the country he conveyed his right of property, or possession, to Sheldon. On the contrary he appears to have been a mere naked possessor of the east part of the building, without any sort of right to the actual possession of the west part. I have alluded to the evidence furnished by the record, not *to show the title,* but to show the character and qualification of the possession of Sheldon, and that he had no *right of possession* in Harper's share. Harper had the title of the premises *quoad* Sheldon. And he allowed Sheldon to occupy with him, as having a joint possession, or rather, a possession of a part of the premises; and then *abandons* his own possession, without conveying *it* or any right to it, to Sheldon; and Sheldon has recovered for the whole use and occupation. Now doubtless the bill of exceptions, as such, is not evidence between these parties; but the *record,* in a suit between the same parties, *is* evidence, and imports absolute verity as to all the facts that are shown by it. Nothing is more correct than to read from the record, to show the existence and dates of notes on which the action was brought. In our judgment there was no ground for a recovery of more than one-half the amount of the rents and profits; even if there was a foundation laid for more than nominal damages, on this ground alone.

II. It is entirely clear that Sheldon held under Harper, and that his possession was subordinate to Harper's title and possession. Under this state of facts, we think his declarations, especially when accompanied by acts, while he was in possession, were admissible for the purpose of showing the character of the possession which Harper and Sheldon had in the premises. This evidence was received, and afterwards overruled and struck out. (*Cowen & Hill's Notes,* 650, 655, 596 *to* 601. 4 *Cowen,* 587. 4 *John.* 230. 10 *Id.* 377.) Now these declarations were im-

portant in one view, which was to show that it was altogether improbable that he would have surrendered his possession, or conferred any right of possession, sufficient to enable him to sustain an action, for the entire use and occupation, against Van Slyke. This then was evidence of importance, that ought to have been received; and had it been received, *its tendency* would have been directly to diminish the judgment. That was an error for which the judgment should be reversed.

There are other important questions, such as, the defendant being in possession after forfeiture as a mortgagee; and whether, (though it would not authorize him to recover in ejectment) it may not enable him to defend against all but nominal damages, (15 *Wend.* 248;) upon which we express no opinion.

The judgments of the county court, and of the justice, must be reversed.

[ONEIDA GENERAL TERM, January 5, 1852.  *Gridley, W. F. Allen, Hubbard* and *Pratt,* Justices.]