On the trial the defendant offered to show, in defence of the action, that at the place where the dam on his premises now stands, there had been erected and maintained, for more than twenty years before the alleged injury, a dam across the Oak Orchard creek, which set back the water upon and flowed the premises mentioned in the complaint to as great an extent as they were flowed during the time the plaintiff was in possession thereof. The evidence thus offered was rejected by the court upon the objection that it was not admissible under the answer. This ruling was erroneous. The answer contained an averment substantially in the language of the offer. The object of this averment was to interpose the defence of adverse enjoyment. The answer failed to allege that the enjoyment was adverse, and, in this respect, it was a defective pleading. (Parker v. Foote,
19 Wend., 313.) To authorize the presumption of a grant, on which the doctrine of adverse user proceeds, it must appear that the enjoyment was not only uninterrupted, but hostile in its inception and continuance, and under a claim of right. The answer would, I think, have been held bad on demurrer. (Colvin v.Burnet, 17 Wend., 564.) But although concededly a defective pleading, the parties having gone down to trial with the issue of adverse user understandingly presented, it should have been held sufficient to admit the evidence. The rule *Page 253 
is well settled, that on the question of evidence to support a cause of action or matter of defence, a technical defect in a pleading should be disregarded on the trial.
Judgment must be reversed and a new trial granted, costs to abide the event.
Judgment accordingly.