judge, who has the control of the calendar in his court, and who may, as it is said was done in this case, insist on the action being tried when reached. At any rate, the violation of such an arrangement between counsel is not ground for asserting that a justice is guilty of an abuse of discretion when he opens the defendant's default upon such terms as the statute declares he may impose. This was an action for rent under a written lease signed by defendants, one pleading infancy and the other offering no affirmative defense, and the court below may well have assumed that the defendants were merely seeking delay and continuing the use of the property without rendering compensation therefor. Section 256 of the Municipal Court act provides that as a condition for opening a default, the court may require the defendant either to deposit the amount of the judgment or give an undertaking, etc. As the amount of the judgment in this case was but $80, the order should have provided that only that amount need be deposited.

Order appealed from by defendant Zuhr modified, by requiring the defendant to either deposit the sum of $80 in the court below or give an undertaking, as required by section 256, and directing that the judgment be vacated and the default be opened if the defendant complies with either of these conditions, and, as modified, affirmed, without costs to either party on this appeal. All concur.

BETJEMANN v. BROOKLYN UNION ELEVATED R. CO. et al.

(Supreme Court, Appellate Division, Second Department. · June 12, 1908.)

1. EASEMENTS—PRESCRIPTION—ACQUISITION OF RIGHTS OF WAY.
    In an action by an abutter to restrain the operation of an elevated railroad and for damages, evidence that more than 20 years prior to the action the railroad entered on the street under a charter from the rapid transit commission and the acts of the Legislature and of the municipality raised a presumption of lawful entry under a deed which had been lost.

2. SAME—EVIDENCE—ADMISSIBILITY.
    In an action by an abutter to restrain the operation of an elevated railroad and for damages, a lis pendens and petition in condemnation proceedings, whereby a predecessor of the railroad sought to acquire title to a right of way in front of the premises in question, and also a judgment of condemnation and an order appointing commissioners, such proceedings having been instituted about five years after the erection of the elevated structure and the commencement of the operation of the trains, and the judgment of condemnation and order appointing commissioners having been entered several months thereafter, and it being thereby declared that the railroad's predecessor had not been able to acquire title to the easement required for the erection of its elevated structure, and that its offer to the owner of the premises had been rejected, were competent and material to rebut the presumption raised by evidence introduced by the railroad that there had been a lawful entry under a deed which had been lost.

3. ADVERSE POSSESSION—TITLE BY PRESCRIPTION—EVIDENCE TO OVERCOME— SUFFICIENCY.
    But slight evidence to overcome title by prescription is required.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Adverse Possession, §§ 682–690.]

4. EASEMENTS—RIGHT OF WAY—ABANDONMENT.

An increase in the length of elevated railroad trains, their number, change in the method of operation from steam to electricity, and as an incident thereto the laying of a third rail and building of a walk by the side of the elevated structure, do not constitute such an increase in the user or change of its character as to be deemed an abandonment of any right acquired under the original entry.

Appeal from Special Term, Kings County.

Action by Christopher Betjemann, as surviving executor of John Bahrenburg, deceased, against the Brooklyn Union Elevated Railroad Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Chas. L. Woody, for appellants.
Cyrus V. Washburn, for respondent.

HOOKER, J. This action is by an abutter for an injunction restraining the operation of the defendants' elevated railroad, and for damages occasioned by its construction and maintenance. The plaintiff proved title and damages. The defendant then showed that more than 20 years prior to the commencement of the action the defendant entered upon the street under a charter from the rapid transit commission and under the acts of the Legislature and of the municipality of the former city of Brooklyn. This raised the presumption that defendants' predecessors entered lawfully under a deed which has been lost. To refute this presumption, the plaintiff introduced, over the objection and exception of the defendants, a lis pendens and petition in condemnation proceedings, by which one of the defendants' predecessors sought to acquire title to real estate or a right of way in front of the premises in question, and also a judgment of condemnation and an order appointing commissioners in those proceedings, in which the property in question was described. These proceedings were instituted about five years after the erection of the elevated structure and the commencement of the operation of trains thereupon; the judgment of condemnation and order appointing commissioners was entered seven months thereafter. We find here a solemn declaration by one of the defendants' predecessors that it had not been able to acquire title to the privilege, easement, or interest required for the erection and maintenance of its elevated structure, that it had offered the owner of the premises in question a sum of money for the purchase of this right, but that he would not sell. In addition to this, it seems that the condemnation proceeding itself, in which the court doubtless acquired jurisdiction upon the filing of the lis pendens and petition, was necessarily a solemn and formal declaration of record that the title of this property was in some one other than the railroad company. These declarations, it seems to me, were in absolute inconsistency with a claim of entry by right or under color of some title, and were competent and material upon this proposition. But slight evidence to overcome title by description is required. Colvin v. Burnet, 17 Wend. (N. Y.) 564, 568; Kellum v. Mission of Immaculate Virgin, 82 App.

Div. 523, 81 N. Y. Supp. 603; Cutting v. Burns, 57 App. Div. 185, 68 N. Y. Supp. 269.

The petitions to the state board of tax commissioners which were admitted in evidence in Hindley v. Manhattan Ry. Co., 185 N. Y. 335, 345, 78 N. E. 276, are not in the same category at all; and, further, in that case the petition was made when the prescription had, after the 20-year period, ripened into an estate. In our opinion the learned trial court was justified in finding as a fact from this evidence that defendants and their predecessors were not during the prescriptive period challenging the right of the true owner, and hence there was nothing upon which to found title by adverse possession.

The plaintiff also proved that since the original entry the defendants had increased the length of their trains, their number, had changed the method of operation of their road from steam to electricity, and, as an incident thereto, had laid a third rail and built a walk by the side of the structure. This, however, is not such an increase in the user or change of the character of that user as to be deemed an abandonment of any right acquired under the original entry. Bremer v. Manhattan Ry. Co., 191 N. Y. 333, 84 N. E. 59.

The judgment must be affirmed, with costs. All concur.