DOROTHY PENDENNIS BISSELL, Plaintiff, *v.* EUGENE A. GEORGER, Defendant.

Supreme Court, Erie Special Term, December, 1923 (Received January, 1924).

**Real property — adverse possession — encroachment — plaintiff entitled to recover possession of land where evidence failed to show twenty years of continuous, uninterrupted adverse possession by defendant.**

A small portion of a bay window on a dwelling house erected in 1893 by a predecessor in title upon premises now owned by defendant, extended over his east line upon the land now owned by plaintiff. In an action commenced in 1922 to recover possession of the land upon which the bay window encroaches, it appeared that at no time has there been twenty years of continued, uninterrupted adverse and hostile possession of the premises in dispute by any holder or holders of defendant's title. *Held*, that plaintiff was entitled to the judgment demanded by the complaint.

ACTION to recover possession of real estate.

*Kenefick, Cooke, Mitchell & Bass* (*Fritz Fernow*, of counsel), for plaintiff.

*Michael M. Cohen* and *A. Howard Aaron*, for defendant.

BROWN, J. In 1893 a predecessor of the defendant's title erected a dwelling house upon the premises now owned by the defendant. A small portion of a bay window on the east side of the dwelling extended over defendant's east line upon the lands now owned by the plaintiff.

This action was commenced in 1922 to recover possession of the lands upon which the bay window encroaches, the plaintiff alleging that she is the owner thereof. The defendant denies plaintiff's ownership and alleges as an affirmative defense that defendant's building as now located has stood upon said premises for more than twenty years and that title thereto has accrued to defendant by adverse possession.

It was established upon the trial that in 1907, when Pendennis White owned the plaintiff's premises, he discovered the existence of the encroachment in a conversation with the husband and agent of the then owner of the defendant's premises, at which time the owner of defendant's premises was not aware of such encroachment, and was asked if he would sell the land covered by the encroachment. Mr. White replied: " I will sell you nothing. I will give it to you." At that time the encroachment had existed for fourteen years. It is very apparent that at that time the owner of the defendant's premises was not claiming to be the occupant of the lands in hostility to the owner of the record title.

In 1910 the then owner of the defendant's premises, in seeking to sell the same to the defendant, sought to procure from the then owner of the plaintiff's premises a lease of the lands occupied by the bay window to the defendant, and the defendant made his purchase upon his grantor agreeing to see that he, defendant, would get a lease of the lands in dispute. It is very apparent that in 1910, seventeen years after the bay window was built, the then owner of defendant's premises was not claiming occupancy of the disputed lands in hostility to the then owner of plaintiff's premises. Defendant made his purchase knowing that his grantor was not occupying in hostility to plaintiff's title. Defendant knew when he made his purchase that his grantor was in possession of the disputed premises without title and with no claim of title.

One in possession without title and not claiming title, who offers to purchase from the holder of the title, thus recognizing the title of the owner, cannot set up his own possession as adverse. *Mayor* v. *Mott,* 60 Hun, 423; *Colvin* v. *Bennett,* 17 Wend. 564, 569.

In the last cited case it was said: " It is well known that a single lisp of acknowledgment by the defendant that he claims no title fastens a character upon his possession which made it unavailable for ages."

The cases cited by defendant simply hold that one in possession as owner having record title or title complete by adverse possession, or under color of title in fee or claiming title, is at liberty to negotiate for and purchase an outstanding claim and thus quiet his title, without being estopped from disputing such outstanding title. Such authorities do not reach the question here involved.

An offer, made by one in possession having no title, not having a title by adverse possession for twenty years, not even claiming title, to purchase or lease from the owner of the record title, is in and of itself a declaration that the one making the offer is not holding possession in hostility or adverse to the owner and is a recognition of the true owner's title.

At no time has there been twenty years of continued, uninterrupted adverse and hostile possession of the premises in dispute by any holder or holders of defendant's title.

The plaintiff is awarded the relief demanded in the complaint, with costs.

Let findings be prepared.

Judgment accordingly.