. MARION L. VAN VALKENBURGH, Plaintiff, and JOSEPH D. VAN VALKENBURGH, Appellant, v. MARY LUTZ, Individually and as Executrix of WILLIAM LUTZ, Deceased, Respondent.— In a consolidated action in ejectment, in which respondent counterclaimed upon a claim of title by adverse possession, plaintiff Joseph D. Van Valkenburgh appeals from a judgment dismissing plaintiffs' complaint and awarding judgment in favor of respondent upon the counterclaim, adjudging that she has fee title to the subject real property and permitting her to remove fences and obstructions placed thereon by plaintiffs. Judgment affirmed, with costs. No opinion. Carswell, Johnston, Sneed and Wenzel, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment, to dismiss respondent's counterclaim and to grant judgment to appellant Joseph Van Valkenburgh, with the following memorandum: In my opinion the evidence was insufficient to establish occupation or possession of the lots in suit by respondent or her deceased husband for such a time or in such a manner as to establish title by adverse possession. There is evidence in the record that William Lutz, respondent's husband, in his lifetime, and his family, occupied and cultivated the lots. Respondent testified on trial, however, that she knew that her husband had

not purchased them and did not own them and that she had no record title. Concededly, prior to the commencement of this action, William Lutz, in response to a demand by the record owner, had removed from appellant's property certain sheds and junk. In an action brought by him with respect to the use of a road running through a portion of the property, he claimed as against the record owner only a prescriptive right to use the roadway, and alleged in his complaint that plaintiff Marion Van Valkenburgh was the owner of three of the lots involved herein. The evidence adduced and the undisputed facts thereby established completely overcome any presumption which might otherwise arise from the occupancy and cultivation of the property and require the conclusion that William Lutz entered upon the property without claim of right and made no claim of title thereto during his lifetime until action in ejectment was commenced against him by Marion Van Valkenburgh. Under such circumstances, no title by adverse possession resulted. The mere possession of land, without any claim of right, no matter how long it may continue, gives no title. (*La Frombois* v. *Jackson,* 8 Cow. 589; *Colvin* v. *Burnet,* 17 Wend. 564; *Parker* v. *Foote,* 19 Wend. 309; *De Lancey* v. *Hawkins,* 23 App. Div. 8; *Cutting* v. *Burns,* 57 App. Div. 185; *Belotti* y. *Bickhardt,* 228 N. Y. 296; *St. William's Church* v. *People,* 296 N. Y. 861.)