# PITTS *vs.* WILDER.

The declarations of a person in possession of lands are competent evidence against himself and all persons claiming under him, for the purpose of showing the character of his possession, and by what title he claims.

Where A. being in possession of lands and claiming to hold under a contract from the Holland Land Company, executed to B. an instrument purporting to grant the absolute right to flow the lands by means of a mill dam, B. knowing the manner in which A. claimed to hold; *held*, in an action on the case for flowing the lands, that such instrument was not admissible in evidence to lay the foundation of a *user adverse* to the plaintiff who had acquired the title of the Holland Land Company.

ON error from the supreme court, where Wilder recovered judgment against Pitts in an action on the case. The facts are stated in the opinion of Jewett, C. J.

*S. Stevens,* for the plaintiff in error.

*N. Hill, Jr.* for the defendant in error.

JEWETT, C. J. Wilder brought an action upon the case against Pitts for flowing his lands by means of a mill dam, maintained by him across the Oak Orchard creek, in the town of Ridgeway, in the county of Orleans. The suit was commenced in July and tried in October, 1843.

On the trial it was admitted that the defendant took possession of the mill and dam in question in the spring of 1838, under a deed bearing date the 8th of May in that year. The plaintiff, to show title in himself of the premises claimed to be flowed, gave in evidence a deed from William Willink and others, constituting the Holland Land Company, to him conveying sixty-five acres of land, part of the premises in question, bearing date the 3d of January, 1834; and also another deed from the same grantors to him, conveying one hundred acres, also part of the premises in question, bearing date 13th of January, 1832, both of which were acknowledged and recorded at about the time of their respective dates. The plaintiff also

proved possession of the premises described in both deeds, and that a portion of these lands being wild and uncultivated had been flowed a number of years by reason of the defendant's dam, and the amount of the damages sustained.

The defendant proved that one Gilbert Howell erected the first dam in 1816, and built a saw and grist mill, and occupied them until the year 1836; that the dam had been maintained ever since, except when carried away by floods, and then had been rebuilt in a reasonable time; and that said Howell and one Isaac Bennett entered into a written agreement, which was produced, bearing date the 10th day of October, 1815, which the defendant's counsel offered to read in evidence, in and by which agreement the absolute right to flow the land claimed by the plaintiff, and proved to have been flowed, purported to have been granted and conveyed by Bennett to Howell, his heirs and assigns; offering to show at the same time a regular *claim* of title and possession from Howell to the defendant of the mill dam and mills, and the right so attempted to be conveyed. The plaintiff's counsel objected to the evidence, which objection the judge sustained and the defendant excepted. Howell had previously testified that Bennett told him that he occupied the flat lands, (the lands overflowed,) by an article of agreement from the land office at Batavia. As to the evidence of what Bennett told Howell about his title, the counsel for the defendant, objected as irrelevant, but the judge overruled the objection and the defendant's counsel excepted.

The evidence given by the parties upon the question whether the plaintiff's land had been always flowed to the same extent since the erection of the dam in 1816, or whether within six or eight years prior to the commencement of the suit, the dam had been raised higher by the defendant, and that since that time the said lands had been flowed to a greater extent by reason thereof, was conflicting. The plaintiff had a verdict and a bill of exceptions was signed, upon which a new trial was moved for but denied, and judgment rendered for the plaintiff upon the verdict. Two questions are made in this case, 1st. The defendant insists that the declarations made by Bennett

Pitts *v.* Wilder.

to Howell, that he occupied the flat lands by an article from the land office at Batavia, were irrelevant. evidence. They were made to Howell at the time Bennett was in possession of the premises, and at the time he entered into the agreement with Howell conveying, or purporting to convey to him, a right or privilege to flow the lands. The defendant claims under Howell, who claims through Bennett that right. To show the character of his possession, those declarations would have been good as against Bennett, and of consequence against all who claim under him. (*Jackson* v. *Bard*, 4 *John.* 230.) I think the objection was correctly disposed of.

2. The defendant insists that the judge erred in sustaining the objection to his offer to read the agreement made between Howell and Bennett in evidence, accompanied by evidence showing that there had been a regular *claim* of title and possession from Howell to the defendant of the mill dam, mills, and the right so attempted to be conveyed. As the evidence stood, no title to the premises or any portion of them had ever vested in Bennett; and for more than twenty years before the suit was commenced he had not been in possession. All the right which it was shown Bennett had or claimed to have, to occupy as he did, for six or eight years subsequently from 1815, was under an article of agreement from the office of the Holland Land Company at Batavia. The plaintiff succeeded to the title of the Holland Land Company to the premises, in part, in 1832, and to the residue in 1834, and went into possession. The agreement between Bennett and Howell, which was offered in evidence, was wholly irrelevant. It did not convey to Howell a title sufficient to vest an adverse possession, or adverse user, (*Jackson* v. *Frost*, 5 *Cowen*, 346,) because Bennett, at the time he entered into the agreement, did not pretend to have any title to the premises himself, and this was known to Howell. And besides, the defendant did not pretend that he derived title to the right to flow in any other way than by *an uninterrupted adverse user of twenty years ;* and whether Bennett executed such an agreement or instrument was a matter of no sort of consequence. The evidence offered in connection with reading

the instrument, could not aid the defendant; and if it had been offered or so considered, independent of the agreement or instrument, I do not see its relevancy or competency. That branch of the offer was to show a regular *claim* of title and possession from Howell to the defendant of the mill dam, mills, and the right so attempted to be conveyed. Now a *claim* of title and possession would amount to nothing, and therefore the evidence of it was irrelevant. The offer was not to show an uninterrupted *user* from Howell to the defendant of the mill dam, mills, and the right to flow the plaintiff's lands.

Evidence of that character had been given, and was pertinent. My conclusion is that there is no error in the judgment of the court below, and that it should be affirmed.

Judgment affirmed.