### BUSH v. HICKS *et al.*, appellants.

*Mistake of fact — Evidence — when parol admissible to contradict writing — Admissions of one in privity with party.*

The description in a deed, in consequence of a mutual mistake of the grantor and grantees as to the location of a point in a boundary line, embraced more land than was intended to be conveyed. *Held,* that equity could relieve against the mistake and reform the deed, and that such mistake might be shown by parol evidence.

*Held,* also, that the admissions of one of the grantees under said deed made while in possession, concerning the location of a boundary line, were evidence against himself and all those claiming under him.

APPEAL from a judgment entered at the Yates special term in an equity action to reform a deed. The facts appear in the opinion.

*David B. Prosser,* for appellants, cited, *Leavitt* v. *Palmer,* 3 N. Y. 19; *Nevius* v. *Dunlap,* 33 id. 676; *Kent* v. *Manchester,* 29 Barb. 597; *Hunt* v. *Rousmaniere,* 1 Pet. 14; Story's Eq. Jur., §§ 150, 155, 156, 166; *Storrs* v. *Barker,* 6 Johns. Ch. 169, 176; *Lyman* v. *United Ins. Co.,* 2 id. 630; *Irnham* v. *Child,* 1 Brown Ch. 93; *Bloomer* v. *Spittle,* 2 Eng. 372.

*Morris & Leary,* for respondents, cited, *Howell* v. *Biddlecon,* 62 Barb. 131; *Meyer* v. *Amidon,* 45 N. Y. 169; *Carman* v. *Pultz,* 21 id. 547; *Smith* v. *Mackin,* 4 Lans. 41; *Rider* v. *Powell,* 28 N. Y. 310; *Johnson* v. *Taber,* 10 id. 319; *Pitts* v. *Wilder,* 1 id. 525; *Keaton* v. *Dimick,* 46 Barb. 158; *Tibbs* v. *Morris,* 44 id. 146; *Botsford* v. *McLean,* 45 id. 478; *Nevius* v. *Dunlap,* 33 N. Y. 676; *Stoddard* v. *Hart,* 23 id. 556.

TALCOTT, J. This is an action by the plaintiffs, as the grantors in a deed made in 1866 to James E. Hicks and George Mattice, to reform the said deed as to the description of the land conveyed, on the ground of mistake. The defendant Henry Hicks is the grantee of Hicks and Mattice, and is alleged to have purchased with notice of the mistake in the description. The facts, in substance, found by the court are briefly as follows: The plaintiff, Bush, being the owner of the two parcels of land, first described in the complaint, con-

tracted to sell them to James E. Hicks and Mattice, and for the purpose of performing that contract executed the deed in question, which was intended, and understood by all the parties to it, to convey the said two parcels of land, and no other. At the time of making said contract and executing the said deed, Bush was also the owner and in possession of another parcel of land adjoining the said two parcels on the west, which, with the first described of the two first-mentioned parcels, constituted a part of a tract known as lot number 39. By a mutual mistake of facts on the part of all the parties to the said deed, the description therein contained was so drawn as not only to include the two parcels contracted and intended to be conveyed, but also the adjoining parcel mentioned, as well as some other portions of said lot 39. The mistake consisted in supposing that the point which was the north-west corner of the first of the two lots intended to be conveyed, and the south-west corner of the second, and which was, in fact, in the north line of said lot 39, was the north-west corner of said large lot 39; and in describing the premises in said deed according to such mistaken supposition; whereas, in fact, the point referred to was several chains east of the north-west corner of lot 39. The actual location and extent of the two parcels intended to be conveyed were viewed and inspected by the parties, and were understood correctly and alike by the parties to the contract and deed, and the grantees forthwith took possession of the parcels intended to be conveyed, and no other. While the plaintiff, Bush, continued in the possession of the other parcel on the west and has ever since remained in possession, claiming to own the same. Henry Hicks participated in the negotiations between the plaintiff and Hicks and Mattice, and knew and understood what land was intended to be sold and designed to be embraced in the said deed. And also knew, by view and inspection, the actual location and extent of the said two parcels intended to be conveyed, and when he took a conveyance from James E. Hicks and Mattice he intended to purchase, and they intended to convey, only the said two parcels then supposed to have been conveyed to the plaintiff; and all the parties up to that time erroneously supposed that the north-west corner of lot 39 was at the point where it had been erroneously supposed to be when the plaintiffs' deed was made.

Upon the state of facts thus found, there seems to be no reason to doubt but that the plaintiff is entitled, against all the parties, to have his deed to Mattice and Hicks reformed as to the description.

It is, perhaps, superfluous to cite any authorities to sustain a proposition so well settled as this. The case of *Johnson* v. *Taber*, 10 N. Y. 319, may, however, be referred to as very directly in point. The positions of the counsel for the appellants seem to be chiefly based upon the idea that relief cannot be had in such a case upon parol evidence, and upon the theory that, whatever may have been the intention of the parties, and notwithstanding any mistake as to the defect of the description growing out of a misapprehension as to the precise land embraced in it, the deed as drawn and executed, if its contents were known to the grantor, is conclusive, and that parol evidence cannot be received to show any mistake or an intention different from that expressed by the description. This is so at law, but equity, from time immemorial, has relieved against mistakes of fact in deeds. And although the evidence upon which to reform a deed should be very clear and satisfactory, still it may be by parol aided by surrounding circumstances. The only question then, on the merits in this case, is whether there was sufficient evidence to warrant the special term in coming to the conclusion on the facts which is set forth in the findings. Upon a careful examination of the testimony, and assuming that the questions as to the credibility of the respective witnesses in cases of conflict are to be decided as they must have been decided by the special term before which the witnesses appeared, we think not only that the justice at the special term was fully authorized to arrive at the conclusions he did upon the facts, but that there can scarcely be a doubt but that the precise mistake of fact as to the amount of land embraced in the description contained in the plaintiff's deed was made by all parties at the time of the purchase by and conveyance to Hicks and Mattice, and that the same misunderstanding continued till after the conveyance by the former to Henry Hicks, who really only intended to purchase precisely what was understood to have been bought by Hicks and Mattice. There are some exceptions to the admission of evidence, none of which, however, seem to be very material. It seems that the deed from Spencer to the plaintiff contained the same mistake, and it appeared that the plaintiff had taken the Spencer deed to his attorney with a view to have the deed to Hicks and Mattice drawn from it. The defendants also insisted that the agreement was that the plaintiff was to convey the premises conveyed to him by Spencer. It was, therefore, competent to show that the plaintiff did not at that time know of the mistake in the Spencer deed. Upon the same ground, the evi-

dence that the mistake in the location of the north-west corner of lot 39 was made at the time the plaintiff purchased and took the deed from Spencer was competent.

The evidence of what Mattice said as to the location of the west line of the premises purchased by himself and Hicks was competent. *Pitts* v. *Wilder*, 1 N. Y. 525. Mattice and Hicks were then in possession under this deed from the plaintiff. The declarations of Mattice on the subject were competent evidence against himself, and all claiming under him. The representatives of Mattice were defendants in the suit; Henry Hicks also, the principal defendant, claimed under Mattice. The evidence, therefore, was admissible in the case, and the objection was general and not confined to the defendant James Hicks. The parol testimony to the effect that Wagener owned the land on the west was not material. The witness Henry Wagener stated that he occupied it, while Spencer occupied the premises intended to be conveyed by the plaintiff's deed, which is sought to be reformed. This possession was legal *prima facie* evidence of title, and the statement of the witness as to the ownership was wholly immaterial, and could have had no effect in the case. The establishment of the line between Wagener and Spencer, if important at all, could be shown by parol evidence. The general motion for a nonsuit involved nothing but the merits, which we have heretofore considered.

An objection is made to the form of the judgment in this, that it perpetually restrains the defendant Henry Hicks from further prosecuting an action of ejectment which he has commenced to recover the possession of that portion of the premises which was by mistake embraced in the plaintiff's deeds, and also perpetually enjoins the institution of any action in the future to recover the same land. The enjoining of the prosecution of the suit already commenced was proper, inasmuch as the defendant did not, in his pleadings or otherwise, allege or pretend that he had or claimed any other title except such as he claimed by virtue of the mistaken description in the deed. The enjoining of any future action to recover the same land went further than the rights of the plaintiff, as determined in this case, required, if the decree could be construed (which is doubtful) as prohibiting an action in the future founded on any other title to be acquired hereafter. The decree, therefore, to be free from ambiguity and to conform precisely to the rights of the parties as determined, should except from its restraint future

actions— actions which may be founded on some right or title acquired subsequent to the decree. This, however, is a mere matter of form which would doubtless have at once been corrected if suggested to the special term, or even to the plaintiff's attorney, and was not at all the ground of the appeal.

The judgment may, therefore, be modified by adding the words, " except upon some right or title which may be acquired hereafter." And as modified, the decree is affirmed, with costs to respondents.

*Ordered accordingly.*