JOHN CHADWICK, Respondent, *v.* JOHN FONNER, et al., Appellants.

Oral admissions made by one who at the time held the title to land, to the effect that he had contracted by parol to sell the same to another, and had received the pay therefor, are competent evidence against all persons claiming title under or through him.

In an action for the specific performance of an alleged parol contract for the sale of land by L., since deceased, through whom defendants derived title, to plaintiff, the latter claimed and gave evidence of admissions of L., tending to show that the price for the land was $12 per acre which he had paid. Defendants claimed and proved admissions of plaintiff to the effect that the price was $30 per acre. Plaintiff thereupon as a witness in his own behalf, was asked : "Did you ever agree to pay $30 an acre for the land ?" This was objected to as inadmissible, under § 399 of the Code. The objection was overruled, and the plaintiff answered "no." *Held,* that the question was incompetent, as it directly involved a transaction with the deceased, and the reception of the evidence was error.

(*Chadwick* v. *Fonner,* 6 Hun, 543,) reversed, but not upon points discussed below.

(Argued April 16, 1877 ; decided April 24, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported, 6 Hun, 543.)

This action was commenced by John Johnson, John Chadwick and David Sherman, against John Fonner and wife, and heirs of Jesse F. Locke, deceased, to compel them to convey to the plaintiff, John Johnson, twelve acres of land in the town of Wheatland, in the county of Niagara, which land, it was claimed by the plaintiffs, Jesse F. Locke had sold by parol to said Johnson in his life-time, and had received the purchase price thereof, but had executed and delivered no conveyance thereof.

Jesse F. Locke died in the spring of 1866. The defendant, John Fonner, purchased the premises, with other land, sixty-two acres in all, of the heirs of Jesse F. Locke, by deed dated in April, 1868. At the time of this purchase

Johnson was in possession of the premises in question, claiming to own the same by virtue of an agreement made by him with the said Jesse F. Locke.

Upon the trial of this action, evidence was given on behalf of Johnson to establish his right to the said twelve acres of land, consisting of the admissions of Jesse F. Locke made in his life-time, and after Johnson had gone into the possession of the land, to the effect that he had sold the land to Johnson for $12 an acre, and had received pay therefor. This evidence was objected to by defendant's counsel on the ground that the declarations of Locke while out of possession were not competent as against the defendants, and was received under objection and exception. Defendants gave evidence of the declarations of Johnson to the effect that he agreed to pay $30 an acre for the land. Johnson then as a witness for plaintiffs was asked, "Did you ever agree to pay $30 an acre for the land ?" This was objected to on the ground that it called for a conversation or transaction between Johnson and Locke, and so was inadmissible under section 399 of the Code. The objection was overruled and exception taken. The witness answered "No." The referee dismissed the complaint as to the plaintiffs other than Johnson, and directed judgment in his favor. Johnson died soon after the entry of judgment, and the action was revived and continued in the name of John Chadwick, the present plaintiff, as successor in interest to Johnson.

*Wm. H. Gurney*, for the appellants. The declaration of Jesse F. Locke, made after he had parted with his title and possession, could not be given in evidence to defeat Fonner's title. (*Jackson* v. *Aldrich*, 15 J. R., 107; 1 C. & H. Notes, 644–655; 2 Tr. Apps., 107; *Cuyler* v. *McCourtney*, 40 N. Y., 221; *Jacobs* v. *Remson*, 36 id., 670; *Booth* v. *Swezey*, 8 id., 276; *Paige* v. *Cagwin*, 7 Hill, 361; *Ford* v. *Williams*, 13 N. Y., 577; *Sprague* v. *Kneeland*, 12 Wend., 167; *Ogden* v. *Peters*, 15 Barb., 560; *Carpenter* v. *Carpenter*, 8 Ky., 284; *Bullis* v. *Montgomery*, 3 Lans., 255; *Smith* v. *Webb*,

1 Barb., 230; *Fitch* v. *Campbell*, 10 Conn., 8; *Foster* v. *Beals*, 21 N. Y., 247; *Padgett* v. *Lawrence*, 10 Paige, 170; *Tousley* v. *Barry*, 16 N. Y., 497; *Schenck* v. *Warner*, 37 Barb., 258; 1 Greenl. Ev., §§ 189, 200; *Varick* v. *Briggs*, 6 Paige, 323.) Declarations of a party to a third person, and forming no part of the transaction in controversy, are not competent evidence in his own behalf. (*Weeks* v. *Lowerre*, 8 Barb., 530; *Budlong* v. *Van Nostrand*, 24 id., 25; *Penfield* v. *Carpenter*, 13 J. R., 350; *Tuttle* v. *Hunt*, 2 Cow., 436; *Iles* v. *Tucker*, 5 Duer, 393; *Crosby* v. *Leary*, 6 Bosw., 312; *Baird* v. *Gillett*, 47 N. Y., 186.) The court erred in allowing the plaintiff to answer the question, "Did you ever agree to pay thirty dollars an acre for that land?" *Timon* v. *Cloffy*, 45 Barb., 438; 41 N. Y., 619; *Strong* v. *Dean*, 55 Barb., 337; *Stonly* v. *Whitney*, 47 id., 586; *Green* v. *Edick*, 56 N. Y., 613; *Van Alstyne* v. *Van Alstyne*, 28 id., 375; *Card* v. *Duryie*, 3 N. Y. W'kly. Dig., 99; *Conway* v. *Moulton*, 2 id., 243; *Howell* v. *Van Sicklan*, id., 273; *Dyer* v. *Dyer*, 48 Barb., 190; *Clark* v. *Smith*, 46 id., 30; 3 Lans., 68.) A party cannot make title to land by parol admissions of his adversary. (*Walker* v. *Dunspaugh*, 20 N. Y., 170.)

*William S. Farnell*, for the respondent. The declarations of Jesse F. Locke, deceased, were admissible. (*Moore* v. *Burrows*, 34 Barb., 173; *Bush* v. *Lathrop*, 22 N. Y., 535; *Reeves* v. *Kimball*, 40 id., 299; *Spaulding* v. *Hollenback*, 35 id., 204.) There should not be a new trial by reason of the admission in evidence of the declarations of plaintiff. (59 N. Y., 336; *Moore* v. *Hamilton*, 44 id., 666; *Vandevoort* v. *Gould*, 36 id., 644; *People* v. *Gonzales*, 35 id., 59, 60.) If the referee erred in allowing plaintiff to answer the question, as to whether he agreed to pay thirty dollars an acre for the land, it was not ground for a new trial, as the evidence was immaterial. (*Rowland* v. *Hayeman*, 1 Hun, 491.)

EARL, J. I entertain no doubt that the admissions of Locke while he held the title to the land, were competent

evidence against his heirs, and all persons claiming title under or through him. If he had been living and defendant in this action, they would have been competent against him. And whenever the admissions of one having or claiming title to real estate would thus be competent against him, they are competent against persons subsequently deriving title through or from him. (*Jackson* v. *Bard*, 4 J. R., 230; *Pitts* v. *Wilder*, 1 N. Y., 525; *Abeel* v. *Von Gelder*, 36 id., 513; *Vrooman* v. *King*, 36 id., 477.) It matters not in this case that Locke had agreed to convey this land to Johnson before the declaration was made. The declarations are made competent by the fact that they were made while Locke held all the title which the defendants can claim, or which they obtained. The principle upon which such evidence is received is that the declarant was so situated that he probably knew the truth, and his interests were such that he would not have made the admissions to the prejudice of his title or possession unless they were true. The regard which one so situated would have to his own interest is considered sufficient security against falsehood. In some of the states of the union and in England the admissions of a prior owner of choses in action and other personal property characterizing or affecting his title are also admitted in evidence upon the same principle against those subsequently taking title from him. But in this state after some uncertainty as to the rule, it was finally settled in the case of *Paige* v. *Cagwin*, (7 Hill, 361), that such admissions in controversies about personal property are not admissible. But in controversies as to real estate, the rule remains in this state as above stated.

But I think the referee erred in the admission of certain evidence to which the defendants made objection. There was great controversy on the trial, as to whether Johnson agreed to pay $12 per acre for the land, or $30; and there was much evidence on both sides on the subject. On the part of the plaintiff several witnesses testified that they had heard Locke say that the price was $12 per acre, and on the part of the defendants, several witnesses testified that they had heard

Johnson say that it was $30 per acre.   After most of this evidence had been given Johnson, who was then the plaintiff in the action, was asked, " Did you ever agree to pay $30 an acre for that land ?"   This was objected to on behalf of each of defendants on the ground that it called for a conversation or transaction between Johnson and Locke and was therefore inadmissible.   The witness answered, " No."   The question was clearly incompetent under section 399 of the Code.   It directly involved a transaction with the deceased Locke.   (*Mattoon* v. *Young*, 45 N. Y., 696.)   It was not rendered competent by any evidence given by either of the defendants.   They had simply testified to conversations with Johnson, and as to such conversations he was competent. But they did not testify to any transaction between Johnson and the deceased personally, and hence their evidence did not render him competent to speak as a witness of any such transaction.   It cannot be said that this evidence was harmless.   It may not have been deemed very important or influential by the referee, but as it bore upon a question much controverted, we cannot say that it did not influence the decision.

For this error the judgment must be reversed and a new trial granted, costs to abide event.

All concur, Folger and Andrews, J. J., absent.

Judgment reversed