CORINNE A. BAIRD, Respondent, v. ALONZO T. SLAIGHT et al., Appellants.

*Supreme Court, Fifth Department, General Term, December 30, 1889.*

1. *Evidence. Declarations.*—The declarations of a party in possession of real property are admissible against him and his privies in blood and estate, to prove the character of such possession.
2. *Appeal. Error cured.*—An error in excluding proper evidence is cured by the subsequent admission of the same or similar evidence on the proffer of the excepting party.
3. *Same.*—So, where, after an offer of evidence has been rejected, the same class of evidence is offered by same party and received without objection, the exception to the rejected offer will not prevail.

Appeal by the defendants, Slaight and Brownell, from portions of a judgment entered upon a decision of the Livingston county special term decreeing, among other things, that the plaintiff was the equitable owner of the premises described in the complaint, and directing that the defendant, Willis Clark, convey the same to her, and that a certain judgment against the defendant, Clark, and in the appellant's favor, was not a lien upon the premises.

*Fred. W. Noyes*, for appellants.

*James Wood*, for respondent.

BARKER, P. J.—Upon the facts as found by the trial court, the judgment is well supported so far as it affects the rights and interests of the appellants. I am also of the opinion that the evidence fully sustains the findings of fact upon which the legal conclusion is based, that the plaintiff had an equitable title to the premises as against Clark, the judgment debtor, and that the judgments rendered against him in favor of the appellants were not liens on the premises.

The appellants make the point that the court ruled out as incompetent an item of evidence, which, if received, would have tended to prove that Willis, Jr., occupied the premises with the consent of his father, without any understanding or agreement that the same was to be conveyed to him. It was a question in dispute on the trial presented by the pleadings whether Willis, Jr., entered into possession of the premises and occupied the same as a gift from his father with the understanding that a deed was to be executed and delivered to him whenever demanded, or whether he occupied the premises with the consent of his father without any arrangement or understanding that the title should be conveyed to him. This controversy presented a question of fact which was determined in the plaintiff's favor. The complaint alleges that the record title was in the father of Willis, Jr., and the evidence showed that as late as in the year of 1875, he asserted that he remained the owner by giving to the defendant, the insurance company, a mortgage thereon. There was some evidence produced by the appellants tending to show that after the bond and mortgage was executed Willis Clark, Jr., recognized the same as a valid lien on the premises and the judgment has affirmed its validity as against the plaintiff and she acquiesces in that determination, as she has not appealed from any part of the decree.

The defendants called a witness who testified that he lived on lands adjoining the premises and was well acquainted with Willis, Jr., and that he had a conversation with him in the spring of 1887, relative to the construction of a division fence between the premises in question and those on which the witness resided, and offered to prove by him that as a part of a conversation relative to repairing the fence upon the premises, Willis, Jr., said to him, " that he had no fences to build any more on that lot, and that he did not own it." This was objected to by the plaintiff and sustained. In my opinion the evidence was competent as bearing on the question of the nature and character of the possession of Willis, Jr., the father of the plaintiff, under whom she claims title as his only heir-at-law. The question as presented is precisely the same as if her father had lived and had brought an action against his own father, to enforce the execution and delivery of a deed under the alleged parol promise to convey the title to him.

The rule of evidence on this subject is, whenever the admissions of one having or claiming title to real estate would be competent against him, they are against persons subsequently deriving title through or from him. The declarations of a party in possession are admissible in evidence against the party making them, or his privies in blood or estate. They are competent simply to prove the character of the possession and nothing more. Chadwick v. Fonner, 69 N. Y. 404 ; Jackson v. Bard, 4 Johns. 230 ; Pitts v. Wilder, 1 N. Y. 525 ; Abeel v. Van Gelder, 36 Id. 513 ; Vrooman v. King, Id. 477 ; Greenleaf's Ev. vol. 1, §§ 109–110.

Thus the declaration of an ancestor, that he held as tenant of a person named, is admissible in an action brought by such person against the heir, or that the party in possession is holding under a contract of purchase and that the title is in another with whom he has a contract for a conveyance of the same. Evidence of this character is not inconsistent with

another rule of evidence that the parol declarations or admissions of a party in possession cannot be given to destroy the title, for that is a matter of record and the statute of frauds nullifies the force of parol evidence for that purpose. Gibney *v.* Marchay, 34 N. Y. 303 ; Jackson *v.* Shearman, 6 John. 19 ; Jackson *v.* Miller, 6 Cow, 751 ; Jackson *v.* Vosburgh, 7 John. 186.

It was admitted by the plaintiff that the record title was in the defendant, Willis Clark, Sr., and the chief question in dispute was as to the nature and character of his possession and that presented a question of fact which, by the law of evidence, could be proved by his declarations and admissions. The evidence offered and rejected related to that question. After this offer of evidence was made and rejected the defendant called other witnesses and was permitted to prove by them without objection on the part of the plaintiff that her father, Willis Clark, Jr., stated to them in substance that he did not own the farm and that if he had owned the farm he would have done many things towards improving the same ; and that he did not build a house thereon, because he did not own the farm ; and that he did not have any real estate upon which he could give a security for a loan of money.

This evidence is of the same class of evidence as that which was rejected and bears upon the nature and character of the possession, and as it was not objected to we think it is fairly to be inferred that the plaintiff withdrew her objection to the offer of evidence, and if the defendants had called the witness by whom they intended to prove their offer of evidence he would have been permitted to testify without objection, and for this reason we think the exception we have been considering should not prevail and a new trial be granted. The lien of judgment creditors is subject to the equities of all third parties and we are persuaded after a careful consideration of this case that justice does not demand a reversal of the judgment.

Judgment affirmed, with costs.

DWIGHT, J., concurs ; MACOMBER, J., not sitting.

NOTE ON "ADMISSIBILITY OF DECLARATIONS OF FORMER OWNER IN POSSESSION."

The declarations of a party in possession is admissible against him and his privies in blood and estate, to prove the character of such possession. Baird v. Slaight, 55 Hun, 603.

The declarations of assignors of a judgment are competent to show its satisfaction, during the period of their respective ownership. Jacoby v. S. S. M. Co., 53 Hun, 636.

The declaration of a grantor in possession is competent to establish title under a lost deed. Bingham v. Hyland, 53 Hun, 631.

The reports and published statements of the grantor at such time to a bank examiner that a deed had been executed to the bank, are admissible against him and all claiming under him. Id.

Before the declarations of a grantor can be received in evidence, it must distinctly appear that he was an occupier at the time. Noyes v. Morris, 56 Hun, 501.

The mere declarations of a prior holder of a chose in action cannot be given in evidence to affect the title or rights of a subsequent holder and owner. Benjamin v. Rogers, 126 N. Y. 60. This rule does not apply, when the declarations are made at the very time when the chose in action is negotiated to the person who is seeking to enforce it, and they are thus a part of the *res gestœ*.

The declarations of the seller, when not a party, made previous to the sale, to a stranger, in the absence of the buyer, are not competent, where the title of the buyer of personal property who purchased in good faith is attacked as fraudulent by creditors of the vendor. Flannery v. Van Tassel, 127 N. Y. 631. This rule does not apply, where a conspiracy to defraud between the vendor and vendee has been shown, or where the vendor after the sale continues in possession, exercising acts of ownership over the property, and thus raising the presumption that the sale was fraudulent. Id.

The declarations of the grantors, while they remained in possession of the property are competent in a creditor's action brought to set aside a conveyance as fraudulent. Loos v. Wilkinson, 110 N. Y. 195. Where they are made as part of the fraudulent scheme in which the grantee is implicated to keep the conveyance secret, and as part of the means for so doing, they are competent against the grantee. Id. The creditor may also show such declaration of the grantors in possession for the purpose of characterizing such continued and unchanged possession. Id.; Moore v. Meacham, 10 N. Y. 207; Cuyler v. McCartney, 40 Id. 221; Nevlin v. Lyon, 49 Id. 661; Tilson v. Terwilliger, 56 Id. 273 ; Von Sachs v. Kretz, 72 Id. 548 ; Truax v. Slater, 86 Id. 630.

The parol declarations of a vendor that the vendee has paid the purchase money are evidence against him, or any person claiming under him with notice of the vendee's claim. Chadwick *v.* Fonner, 6 Hun, 543; 69 N. Y. 404. This case was subsequently reversed but upon a different point.

The declarations of a chattel mortgagor, who remains in possession are permissible upon a question of intent as part of the *res gestœ.* City Bank *v.* Westbury, 16 Hun, 458.

The declarations of a former holder of a promissory note, made after its maturity and while in his possession, are inadmissible against a purchaser for value. Clews *v.* Kehr, 90 N. Y. 633.

The declarations of a bankrupt, made before the bankruptcy, are evidence against the assignee to establish a claim against the estate. Von Sachs *v.* Kretz, 72 N. Y. 548.