Lemuel Lyon, Respondent, *v.* Henry P. Ricker, Appellant.

Declarations of a deceased person, made when he was in possession of real estate, in reference to his title thereto, which were against his interest, may be given in evidence even in an action between third parties where the title comes in question.

Plaintiff's complaint alleged that his father executed and delivered to defendant a warranty deed conveying certain premises then in the possession of the grantor to plaintiff, with instructions to deliver the same to the latter on the death of the grantor, and that defendant, upon demand made after such ·death, refused to deliver the same. Defendant's answer denied certain of the allegations of the complaint, but made no claim to the deed or any interest in it, simply stating that he "retains possession of the deed for the reason that he does not know to whom to deliver it or his duties in the premises." The only evidence as to the purpose of the delivery of the deed to defendant was testimony of declarations of the grantor after making the deed, and while in possession of the land, to the effect that he had made out the deed in question, and another deed to plaintiff's brother, and left them with defendant, to be given to the grantees on his (the grantor's) death. *Held*, that the evidence was competent; and so, that objections thereto were properly overruled.

One of the witnesses to prove these declarations was said brother. *Held*, that the fact that he occupied the same position as plaintiff, while it might go to his credibility, did not render his testimony incompetent.

The testimony of defendant as a witness in his own behalf, as to what took place between him and the grantor was offered and rejected. *Held*, no error (Code Civ. Pro. § 829); that the testimony was not made competent by the fact that the declarations of the grantor made at other times had been received on behalf of plaintiff.

(Submitted January 30, 1894; decided February 6, 1894.)

Sickels—Vol. XCVI.      29

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 29, 1892, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The plaintiff commenced this action to recover from the defendant a certain deed alleged to have been executed by plaintiff's father and delivered to defendant under instructions to deliver the same to the plaintiff upon the death of the grantor.

It was alleged in the complaint that the deed was executed and acknowledged by the grantor and that it conveyed about seventy-five acres of land to the plaintiff, who was the son of the grantor, and that in the deed there was a provision that the grantee (the plaintiff herein) was not to have possession of the premises until the death of the grantor. It was further alleged that the deed so executed was delivered by the grantor to the defendant, to be delivered to the plaintiff upon the death of the grantor, who at the time was in the possession and was the owner of the land described in the deed, and so continued up to the time of his death in 1889. The defendant, it was also alleged, had, ever since the death of the grantor, kept possession of the deed and refused to deliver it to the plaintiff, although the plaintiff had, since the grantor's death, frequently demanded the same from him. The deed has never been recorded, and it was alleged to be necessary to have the possession thereof for the purpose of establishing the plaintiff's title to the land therein described.

The answer of the defendant admits that he drew for the grantor a deed of the premises described in the complaint, and that he took the acknowledgment of the grantor, and that the deed contained the covenants set forth in the complaint (seizin, against incumbrances, good title and warranty), and that at the time the deed was executed the grantor was the owner of the land described in the deed, and was in possession of the same up to his death. The defendant then denied, upon information and belief, each and every allegation in the complaint not before admitted. The answer also contained a

statement that " the defendant retains possession of the deed for the reason that he does not know to whom to deliver it or his duties in the premises, and is not advised what is proper and just for him to do with the deed." He, therefore, asked that the complaint should be dismissed, with costs, and that the court should determine his duties, and he be granted such · further relief as should be just.

The case was referred to a referee to hear and decide, who subsequently reported in favor of the plaintiff for a delivery of the deed and for costs. Judgment was entered, and being affirmed at the General Term of the Supreme Court, the defendant has appealed here.

*S. M. Norton* for appellant. It was claimed on the trial that the denial in the answer was insufficient to raise an issue, and a motion was made for judgment on the pleadings, which was denied, and it was also held that the answer being in that form estopped the defendant from giving positive testimony of the facts so denied. This was error. (*Bennett* v. *L. M. Co.*, 110 N. Y. 150 ; *Macauley* v. *Brownell*, 14 Abb. N. C. 316 ; *White* v. *Spencer*, 14 N. Y. 247.) It was error to refuse to allow the defendant to deny the instructions claimed to have been given him by the grantor, and to refuse to allow him to give his version of the transaction. (*Potts* v. *Mayer*, 86 N. Y. 305 ; *Wadsworth* v. *Heermans*, 85 id. 639 ; *Cole* v. *Dunn*, 3 Hun. 610 ; *Marsh* v. *Brown*, 18 id. 316 ; *In re Schuyler*, 5 Dem. 369.) It was error to admit the declarations of the grantor against the defendant. (*Wells* v. *Thornton*, 45 Barb. 390.; Edw. on Bail. §§ 72, 73 ; *Sherman* v. *Scott*, 15 Wkly. Dig. 149 ; *Parker* v. *McLean*, 2 id. 502.) It was error to allow the plaintiff's brother, Henry Lyon, to testify to conversations with the deceased grantor. (*LeClare* v. *Stewart*, 8 Hun, 127.) There never was a sufficient delivery of the deed to convey title to the plaintiff. (*Hathaway* v. *Payne*, 34 N. Y. 92 ; *Crain* v. *Wright*, 114 id. 307.)

*Armstrong & Todd* for respondent. Lemuel R. Lyon, the grantor, left the deed with the defendant to be delivered to

the plaintiff after the grantor's death. This constituted a valid delivery to the plaintiff. (*Hathaway* v. *Payne*, 34 N. Y. 92; *Crain* v. *Wright*, 114 id. 307; *Diefendorf* v. *Diefendorf*, 8 N. Y. Supp. 617; *Church* v. *Gillman*, 15 Wend. 656; 1 Whart. on Ev. § 226; Greenl. on Ev. § 147; *Shrader* v. *Bonker*, 65 Barb. 608; *Livingston* v. *Arnoux*, 56 N. Y. 507–519; 10 Barb. 202; *Bartlett* v. *Patten*, 33 W. Va. 71; *In re Kellogg*, 104 N. Y. 648; *Risley* v. *Wightman*, 13 Hun, 163; *Chadwick* v. *Fonner*, 69 N. Y. 404; *Rose* v. *Adams*, 22 Hun, 389; *Knapp* v. *Hungerford*, 7 id. 588; *Bingham* v. *Hyland*, 6 N. Y. Supp. 75; *Hackdey* v. *Vrooman*, 62 Barb. 650–666.) The defendant was sworn as a witness in his own behalf, and offered to show, by himself, personal transactions and communications between himself and the deceased grantor relative to the execution and delivery of the deed. The evidence was properly excluded under section 829 of the Code of Civil Procedure. (*Pope* v. *Allen*, 90 N. Y. 298; *Witthaus* v. *Schack*, 105 id. 332; *Mattoon* v. *Young*, 45 id. 696; *Pinney* v. *Orth*, 88 id. 447.) The plaintiff is entitled to judgment upon the pleadings. (*Bennett* v. *L. M. Co.*, 110 N. Y. 150; *P. M. Co.* v. *J. I. Co.*, 33 Hun, 143; *Fallon* v. *Durrant*, 60 How. 178.) The plaintiff sues to recover possession of the deed described in the complaint, alleged to be wrongfully detained by the defendant. The right to bring such an action has long been recognized by courts of equity, and there can be no doubt that there is ample power to grant the relief asked for. (*Stanton* v. *Miller*, 65 Barb. 58–72; *Smith* v. *Cole*, 109 N. Y. 436; Willard's Eq. Juris. [Potter's ed.] chap. 7, p. 361; *Evans* v. *Van Hall.* 1 Clarke Ch. 10; *Hammond* v. *Morgan*, 101 N. Y. 179.)

Peckham, J. The answer in this case only puts in issue the allegation that the deed in question was confided to defendant to be by him delivered to the plaintiff upon the death of the grantor, and the further allegation of a demand by plaintiff upon defendant for the possession of the deed since the death of the grantor.

It is claimed that the form of the denial is such that it does not make an issue, because it is alleged upon information and belief, while the matter denied is necessarily within the personal knowledge of the defendant. Without deciding the question of pleading, we prefer to base our decision upon the real questions at issue between the parties. These questions arise upon certain rulings made by the learned referee in the course of the trial in regard to matters of evidence, and if decided in favor of defendant the case of the plaintiff would be barren of any evidence to support it, and the judgment in his favor would have to be reversed.

*First.* To prove the condition upon which the deed was delivered to the defendant the plaintiff called his mother, the widow of the grantor, and against the objection and exception of the defendant, the plaintiff proved by her that her husband came home after making the deed and said that he had made out deeds to the boys of seventy-five acres of land each, and that he had left the deeds with Ricker to be given to the boys at his death; that he had deeded to them seventy-five acres each of the lands they were living on; that they were to work them as they had done, and that she (the witness) need not sign them for she could have the use of her share while she lived.

Other declarations of a somewhat similar nature were proved by other witnesses. There was no evidence other than these declarations, showing a delivery of the deed to the defendant for the plaintiff and to be given him upon the death of the grantor.

If the action were brought against the heirs at law of the grantor to obtain possession, or if the plaintiff here were defending his possession of the land described in the deed against the claims of the heirs at law, the evidence of declarations such as these in question would be competent. ( *Vrooman* v. *King*, 36 N. Y. 477; *Chadwick* v. *Fonner*, 69 id. 404.)·

Defendant makes no claim to the deed himself, nor does he allege any interest in it whatever. Refusing to deliver it to

the plaintiff because he does not know his duty, as he says, leaves him as representing no interest other than possibly that of the heirs at law, and it can only be urged that he represents them in a very indirect manner by assuming that it might benefit them if the plaintiff were without possession of the deed in a controversy with them as to the title to the land. A judgment in favor of plaintiff in this action would not be evidence in his favor against the heirs in such contest. In such a case, where the defendant makes no claim of right or title to the deed or its possession, and under the circumstances herein detailed, we think these declarations were competent as against the defendant himself. They were made by a party while in the possession of the real estate and in relation to his title, and they were made against his interest, and he was deceased at the time the proof was given. In such cases declarations of a deceased person may be given in evidence even in actions between third parties. (1 Ph. on Ev., C. & H. & Edwards notes, page 244, note 102; 1 Greenleaf on Ev. § 147 & note; *White* v. *Chouteau,* 10 Barb. 202; *Schenck* v. *Warner,* 37 id. 258; *Higham* v. *Ridgway,* 10 East, 109; *Ivat* v. *Finch,* 1 Taunton, 141 · *Peaceable ex dem. Uncle* v. *Watson,* 4 id. 16.)

In *Papendick* v. *Bridgwater* (5 Ellis & Blackburn, 166) it was held that the declarations of a deceased tenant as to the non-existence of a right of common on the part of the owner of the land occupied by such tenant, were not admissible, for the reason that the tenant could not derogate from the right of the landlord or owner of the fee by any declaration he might make. The case was stated to be in effect an exception to an exception. Lord Campbell, C. J., in stating the rule said, generally any declaration of a deceased person on a matter with which he is acquainted, made against his interest, is admissible in evidence. But the learned chief justice continued by saying that an exception to this rule was that you cannot admit in evidence the declaration of a tenant which derogates from the title of a reversioner. The distinction is taken between declarations against interest and those made by

one in privity of estate.   In the first case, the evidence is admissible without privity of estate, and hence declarations must be not only against interest, but the declarant must be dead, while in the case of declarations by one in privity of estate, the declarations are admissible whether the declarant be alive or dead. (Per CAMPBELL, C. J., at top of page 178 in the 85th Eng. Com. Law Series, reporting above case in 5 Ellis & B.)   Lord COLERIDGE in same case said that if the tenant were alive he would not be called and asked whether when tenant he had or had not the right, for the purpose of cutting down the landlord's title by the answer, and how, therefore, could his declaration have any such effect.   The court receives declarations of a deceased person against his interest because of the likelihood of their being true, of their general freedom from any reasonable probability of fraud, and because they cannot be set up or proven until the death of the party making them.

We think it plain that the declarations of the deceased grantor were admissible against the defendant, although the latter claimed nothing under the grantor, and was not, therefore, strictly in privity with him.   The principle is discussed at length in *Higham* v. *Ridgway* (10 East, *supra*), and the declarations admitted in that case show the ground upon which the courts proceed.   We think the referee committed no error in admitting this evidence.

*Second.* Upon the question of admitting the defendant's evidence as to what took place between him and the grantor in the deed regarding the delivery to the plaintiff, we are of the opinion the referee correctly decided when he rejected the offered testimony.   It seems to come directly within the provisions of section 829 of the Code of Civil Procedure. When the plaintiff proved by third parties the declarations of the deceased grantor made at a different time and upon another occasion than the transaction between the deceased and this defendant, those declarations so proved did not become the testimony of the deceased given in evidence within the section of the Code under consideration.

· Although declarations against interest are admitted the same as if the declarant were present and testified in person, yet proof of such declarations by competent third parties is not, within the meaning of this section, the testimony of a deceased person, and it does not open the door for the admission of what would otherwise be plainly incompetent evidence under such section. The cases cited by defendant do not so hold so far as this court has decided them.

The fact that the brother of the plaintiff occupies the same position in regard to his seventy-five acres as the plaintiff does to the land described in this deed, does not render the brother's evidence incompetent. The record does not fully show that such is the exact fact, but assuming it, the fact itself, while it might go to the credibility of the witness, does not touch the competency of his testimony. (*Hobart* v. *Hobart*, 62 N. Y. 80.) The referee herein has written a most satisfactory opinion in giving his reasons for his various rulings, and it is unnecessary to further elaborate our own.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed. ———————