KELLUM et al. v. MISSION OF IMMACULATE VIRGIN FOR PROTEC-
TION OF HOMELESS AND DESTITUTE CHILDREN.

(Supreme Court, Appellate Division, Second Department.    April 13, 1903.)

1. EJECTMENT—POSSESSION—EVIDENCE.
    In ejectment plaintiff, in order to show possession within 20 years
    before the action, called a witness, who testified that under a deed
    from a co-tenant of plaintiff he had been in possession. *Held*, that con-
    versations between the witness and another at the time they first brought
    lumber to the land and put up a building was admissible on behalf of
    defendant as part of the res gestæ and against interest.

2. SAME—IMPEACHING WITNESS.
    Where a witness for plaintiff on cross-examination stated he did not
    recollect a certain conversation with another, and defendant asked him
    questions not the subject of direct examination, defendant might show
    the conversation by the other without "impeaching" his own, the first,
    witness.

Appeal from Trial Term, Queens County.

Action by Cornelia J. Kellum and another against the Mission of
the Immaculate Virgin for the Protection of Homeless and Desti-
tute Children. From a judgment for plaintiffs, defendant appeals.
Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, JENKS, and HOOKER, JJ.

Henry A. Monfort, for appellant.
Henry A. Powell, for respondents.

JENKS, J.    This is an action of ejectment from lots 4 and 5, in
the Second Division of the Beach at Far Rockaway, Queens county.
At the close of the case the court directed a verdict for the plaintiffs.
    The plaintiffs complained that the lands were set off in 1808 by a
judgment in partition to Thomas Bannister and Rachael, his wife;
that plaintiffs, as the heirs of one of the children of Thomas and
Rachael, were entitled to an undivided one-half interest in the lands
as tenants in common with the heirs or the grantees of the heirs of
Alice McNeil, born Bannister, the other child of the said Thomas
and Rachael Bannister.    The plaintiffs offered proofs of these alle-
gations, and, to show possession within 20 years before the beginning
of this action (Greenleaf v. B., F. & C. I. R. Co., 141 N. Y. 395, 36
N. E. 393), called Mr. Vernam.    This witness testified that he ob-
tained from Mr. McNeil a contract of sale of McNeil's interest in
the premises, and that a deed thereof was subsequently made to Mr.
Perry in the interest of the wife of the witness.    He further testi-
fied that he went upon lots 4 and 5 in 1887, put a small building
thereon, which was subsequently enlarged, and that it was occupied
by certain of his employés successively, among them by Cronin.
The defendant called Mr. Rheinhardt, who testified to his familiarity
with the lands, to his acquaintance with Mr. Vernam, that he held
conversation with Mr. Vernam at the time the latter brought lumber
there and subsequently set up the Cronin house, and that the con-
versation was had within a few weeks from the beginning of the

building thereof. He was asked to state the conversation, but this was excluded under objection (and exception) that it was immaterial, irrelevant, incompetent, and collateral, and that upon this point the defendant had made Mr. Vernam its own witness, and was therefore bound by what he had said, and also that what was said by Mr. Vernam was not binding upon the plaintiffs. The learned counsel for the defendant thereupon stated that the question was not put to contradict, but to characterize by his own statements the possession of Mr. Vernam. The same witness also testified that he had another conversation with Mr. Vernam as to the building of the Cronin house, before the house was put up, and that part of the lumber was on the ground at the time; but this was rejected under a similar objection and exception. I think that the testimony was admissible as part of the res gestæ, or as a declaration against interest. Pitts v. Wilder, 1 N. Y. 525; Sedgwick & Wait on Trial of Titles to Land, § 811; Abeel v. Van Gelder, 36 N. Y. 513; Chadwick v. Fonner, 69 N. Y. 404; Spaulding v. Hallenbeck, 35 N. Y. 204; Lyon v. Ricker, 141 N. Y. 225, 36 N. E. 189; Baird v. Slaight (Sup.) 8 N. Y. Supp. 603; Leary v. Corvin, 63 App. Div. 151, 71 N. Y. Supp. 335. It must be remembered that Vernam stood in the shoes of the co-tenant of the plaintiffs, and that they, in effect, relied upon the acts of Vernam to make out their prima facie case of title in order to maintain the action. For this purpose, they gave evidence of Vernam's acts under a title similar to their own. Logically, their claim of title was under him, i. e., by virtue of his acts which established possession. While thus relying upon his acts, they cannot shut out his declarations or admissions made at the time which might show the character thereof. Thus, in Jackson v. Cole, 4 Cow. 587, the court at page 594 say:

"But where the party in possession has not established a legal title, his declarations, and the declarations of those under whom he claims, as to the nature and extent of their interest, or as to the right of the plaintiffs, have repeatedly been received in evidence. Thus in Jackson v. Bard, 4 Johns. 230, 4 Am. Dec. 267, declarations of a party under whom the defendant claimed, showing a distrust of his own right, and an admission of the title of the plaintiff, were held admissible. So, also, in Jackson v. Belknap, 12 Johns. 96, and in Jackson v. McVey, 18 Johns. 330, the defendant was allowed to give evidence of the declarations of one of the lessors, to show under what title he held."

See, too, Sheldon v. Van Slyke, 16 Barb. 26.

Suppose that Vernam, although he had the deed of the McNeil interest when he entered upon the beach, and set a shanty or some such flimsy fabric, had made declarations or admissions at the time which showed a distrust of his right, or a concession of defendant's better right, or a surmise that whoever the owner was there would be no objection to such slight and apparently temporary invasion of a sand beach, was it not the right of the defendant to show this in order to show the res gestæ of the entry and occupation? In Colvin v. Burnet, 17 Wend. 564, 568, the court say: "It is well known that a single lisp of acknowledgment by the defendant that he claims no title fastens a character upon his possession which makes it unavailable for ages." It is true that Mr. Vernam was asked on cross-examination as to one conversation with Mr. Rheinhardt, which had

not been the subject of direct examination, and he answered: "I don't think that would give a fair statement of any conversation I might have had with him. I don't recollect what the conversation was. I do not recollect that I had any conversation with Captain Rheinhardt, and I am not prepared to say that I did not give the conversation that you describe." Assume that Mr. Vernam was the defendant's own witness, and yet the answers of Vernam did not preclude the defendant from calling Mr. Rheinhardt. Indeed, Mr. Vernam did not deny that he had the conversation, so there really was not a contradiction. Impeachment of one's own witness is prohibited. (1) to impeachment of general character; (2) proof of prior contradictory statements by him; and (3) contradiction, where the only effect is to impeach and not to give material evidence upon any issue of the case. Becker v. Koch, 104 N. Y. 394, 10 N. E. 701, 58 Am. Rep. 515. For the same reasons it was error to exclude the question put to Rheinhardt as to what Vernam said with reference to the placing of the Cronin house upon the property.

As I cannot conclude that if the learned court had admitted the testimony it would not have heeded the request of the defendant for a submission to the jury, I think that there should be a new trial.

Judgment reversed, and new trial granted, costs to abide event. All concur.