(110 App. Div. 32)

## NEW YORK WATER CO. v. CROW et al.

(Supreme Court, Appellate Division, Second Department.   December 29, 1905.)

1. EVIDENCE—DECLARATIONS AGAINST INTEREST.

One C. purchased land in 1891, but did not record his deed until 1898. The purchase was made in furtherance of a contract by which C. had agreed to establish and equip a water system for plaintiff's predecessor, in exchange for substantially all of its bonds and capital stock. Soon after the lands were purchased, a pumphouse was erected thereon, and they were delivered to plaintiff's predecessor, which immediately entered into the possession and use thereof. Defendants were heirs and judgment creditors of C. The judgments were recovered between 1894 and 1898, when the deed to C. was recorded. C. died without having conveyed title to the land to plaintiff or its predecessor. *Held*, that declarations made by C. about the time of the purchase of the land by him, and other declarations made by him in 1892, to the effect that he had bought the property for plaintiff's predecessor and it was its property, were admissible to establish an equitable title in plaintiff against C.'s heirs and judgment creditors.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 822–882, 1108–1142.]

2. APPEAL—HARMLESS ERROR.

In an action in equity to establish a trust, errors in rulings on evidence, which do not substantially affect the judgment, do not preclude an affirmance.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 4033, 4185, 4186, 4192.]

3. MORTGAGES—FORECLOSURE SALE—AFTER-ACQUIRED PROPERTY.

Where a mortgage on the property of a corporation specifically covers after-acquired property, and the judgment of foreclosure expressly includes land not acquired by the corporation until after the execution of the mortgage, the purchaser at foreclosure sale acquires the mortgagor's title to such after-acquired land.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, §§ 1554, 1555.]

4. JUDGMENT—LIEN—EQUITABLE TITLE.

Where land was purchased for a corporation, in consideration of its turning over substantially all of its bonds and stock to the purchaser, who took the legal title to the land, while the corporation went into possession thereof, the equitable right of the corporation to a conveyance of the land was superior to the general lien of subsequent judgment creditors of the holder of the legal title.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1358, 1360.]

Appeal from Special Term, Westchester County.

Action by the New York Water Company against Elizabeth H. Crow

and others. From a judgment in favor of plaintiff, certain defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, HOOKER, and MILLER, JJ.

John J. Crawford, for appellant American Surety Co.

Arthur C. Hume, for appellants Callahan and Hume.

Henry H. Pierce (William C. Prime, on the brief), for respondent.

JENKS, J. I think that there is evidence sufficient to support the judgment. The action is in equity, against the heirs and judgment creditors of Crow, to fasten a trust upon two lots of land whereon are situated a source of supply and a pumphouse of a water company. Crow made a contract with that company, organized in 1890, to establish and to turn over a complete water system in exchange for substantially all of its bonds and ·capital stock. Both parties substantially performed the contract, and the plant has been in the continuous possession of the company and its successors since 1891. This plaintiff is the successor of the original corporation.

The two lots in question are part of the tract in the said system. Between the fall of 1891 and 1893 there was no other source of water supply, and the other thereinafter built was to meet the additional demands by consumers. Crow acquired these particular premises through Bard in his scheme of establishing and equipping this system, and although an essential part of the system was set up thereon, and the company entered into the immediate possession and use of these lots in connection with the system, and has continuously been in such possession and use, Crow never transferred the legal title to these two lots. The judgments represented by the defendants were recovered during the period intervening 1894 and 1898. The learned counsel for the judgment creditors attacks certain testimony of declarations by Crow to the effect that the lands in suit were the property of the water company, on the ground that it does not clearly appear that they were made at times when they would be binding on such lienors; that they were not made against interests; and that they related to other matters than the character of the possession. The court found that these lots were conveyed by Bard to Crow by deed dated October 29, 1891, and that after the erection of a pumphouse, the installation therein of an engine and appliances, and the driving of wells thereon, the premises were delivered to the water company in or about the latter part of the year 1891. The declarations of Crow were to the effect that he had said that this was the property of the water company, and had referred to it as the company's pumphouse; that the company had acquired this property; and further that he had bought the property for the waterworks. Some of these declarations were made about the time of the purchase and the day before the improvements on the premises were made, and some in 1892.

I think that the exceptions are not well taken. In Greenleaf on Evidence (16th Ed.) as enlarged by Wigmore (at section 189, p. 318), it is said:

"(4) Under the hearsay exceptions for declarations against proprietary interest (section 152c), statements in disparagement of title may be received. The marked difference between this principle and that of admissions is that it is broader, in that the statements may be offered in evidence by or against any one, and that it is narrower, in that the declarant must be deceased, and he must have been speaking distinctly against his interest."

In Wigmore on Evidence (vol. 3, p. 2304, § 1780) the author writes:

"Statements of facts against proprietary interest (section 1458). For these an exception to the hearsay rule is conceded. The, marked limitations are that the declarant must be deceased (or otherwise unavailable), and that the declaration must be in disparagement of title. On the other hand, whether the declarant was at the time in possession or not, and whether he is a party or privy or not, is immaterial."

See, too, section 1458.

At section 1459 the author writes:

"There has been in some jurisdictions much confusion through a failure to distinguish certain principles, distinct in themselves, but all finding an application to declarations about land possession, and having only that superficial feature in common.   *   *   *   In statements offered under the present exception to the hearsay rule, the declarant must be deceased. Moreover, there must have been an interest at the· time to say the contrary, but the statements may be used in any controversy, without regard to the parties concerned."

In Chadwick v. Fonner, 69 N. Y. 404, Earl, J., for the court, says:

"I entertain no doubt that the admissions of Locke, while he held the title to the land, were competent evidence against his heirs, and all persons claiming title under or through him.   If he had been living and defendant in this action, they would have been competent against him.   And whenever the· admissions of one having or claiming title to real estate would thus be competent against him, they are competent against persons subsequently deriving title through or from him.   Jackson v. Bard, 4 Johns. 230, 4 Am. Dec. 267; Pitts v. Wilder, 1 N. Y. 525; Abeel v. Van Gelder, 36 N. Y. 513; Vrooman v. King, 36 N. Y. 477.   It matters not in this case that Locke had agreed to convey this land to Johnson. before the declaration was made.   The declarations are made competent by the fact that they were made while Locke held all the title which the defendants can claim, or which they obtained. The principle upon which such evidence is received is that the declarant was so situated that he probably knew the truth, and his interests were such that he would not have made the admissions to the prejudice of his title or possession unless they were true.   The regard which one so situated would have to his own interest is considered sufficient security against falsehood.   In some of the states of the Union, and in England, the admissions of a prior owner of choses in action and other personal property characterizing or affecting his title are also admitted in evidence upon the same principle against those subsequently taking title from him.   But in this state, after some uncertainty as to the rule, it was finally settled in the case of Paige v. Cagwin, 7 Hill, 361, that such admissions in controversies about personal property are not admissible.   But in controversies as to real estate, the rule remains in this state as above stated."

In Lyon v. Ricker, 141 N. Y. 225, 36 N. E. 189, the court, per Peckham, J., say:

"If· the action were brought against the heirs at law of the grantor to obtain possession, or if the plaintiff here were defending his possession of the land described in the deed against the claims of the heirs at law, the evidence of declarations such as these in question would be competent [citing authorities]."

Also:

"The distinction is taken between declarations against interest and those made by one in privity of estate. In the first case, the evidence is admissible without privity of estate, and hence declarations must be not only against interest; but the declarant must be dead," etc.

It is to be noted that the rule, as stated by Earl, J. (supra), is that:

"The declarations are made competent by the fact that they were made while Locke held all the title which the defendants can claim, or which they obtained."

And the reason for the rule is:

"That the declarant was so situated that he probably knew the truth, and his interests were such that he would not have made the admissions to the prejudice of his title or possession unless they were true."

I think, under the discussion of the text-writers and the expressions of the courts, the rule and principle made the evidence competent against the subsequent judgment creditors. The case is not complicated by the fact that at the time Crow held the record title, inasmuch as the deed from Bard to him was not recorded until a much later period. The other exceptions to the rulings on evidence, even if some were well taken, would not substantially affect the judgment, and therefore, under the old chancery rule, afford no obstacle to an affirmance. De St. Laurent v. Slater, 23 App. Div. 70, 48 N. Y. Supp. 1103; Townsend v. Bell, 167 N. Y. 462, 470, 60 N. E. 757; Young v. Valentine, 177 N. Y. 347, 358, 69 N. E. 643. The learned counsel for the appellants, in his discussion referring to these declarations, virtually concedes that the salient exceptions are those which I have discussed.

I think that the resolutions of the corporation are not to be construed as of the formal character of releases, but are merely in the nature of receipts of payment in performance of the contract, or recitals thereof. It does not appear that aught was done by either party upon the faith of them.

The contention that, inasmuch as the lots were not named or specifically described in the mortgage under which the plaintiff acquired the property of the old corporation, this plaintiff cannot bring this action, cannot prevail. The mortgage was made prior to the construction of the system and before the mortgagor held any interest in these premises, but it specifically covered after-acquired property, and the judgment of foreclosure expressly included these lots of land. Such a mortgage was valid, and these premises come under it. Washington Trust Co. v. Morse Iron Works, 106 App. Div. 195, 94 N. Y. Supp. 495.

It does not appear that the question of laches was raised prior to this appeal. Otherwise the plaintiff, being apprised of the point, might have offered evidence to meet it. Under such circumstances the court could not be astute to upset the judgment upon that ground. In any event, it cannot be inferred that the delay in beginning this suit in any way prejudiced the defendants. How can any of them contend that they did aught or omitted aught in reliance of Crow's title to these lands? Crow was not in possession after the fall of 1891, when the water company came into such possession. And he had

no title of record prior to June 20, 1898, when the confirmatory deed from Bard, the purchaser of the lands, was delivered to Crow. It does not appear that the unrecorded title of Crow caused the defendant judgment creditors to extend credit or to forbear. In Cox v. Stokes, 156 N. Y. 491, 51 N. E. 316, it is said:

"Whether the equitable doctrine of laches, as distinguished from the statute of limitations, now exists in this state, is open to serious doubt."

The plaintiff's equitable right to a conveyance was superior to the general lien of the judgment creditors. Rodgers v. Bonner, 45 N. Y. 379.

I advise an affirmance of the judgment, with costs. All concur.